Arthur C. Aulisi, J.
This is an article 78 proceeding brought to review a determination made by the Board of Education of the Lake Pleasant Central School District in suspending Duane Le Tarte, its -supervising principal, without pay, from September 8, 1970 to November 16, 1970, pursuant to section 3020-a of the Education Law, as added by chapter 717 of the Laws of 1970. Duane Le Tarte’s affidavit herein will be treated as a petition, and for brevity, he is hereafter referred to as “Petitioner”, and the Board of Education as the “Board.”
Oh September 8,1970, 22 charges were filed against Petitioner by the Board. Petitioner was suspended without pay pending a hearing. Pursuant to procedure set forth in said section 3020-a of the Education Law, a hearing was held by a hearing panel, after which the panel made findings that there was cause for action on 3 charges and no cause for action with regard to the other 19 charges. The panel recommended that disciplinary action be taken and that Petitioner be suspended without pay from September 8, 1970 to September 22, 1970.
Following receipt of the report of the hearing, including the findings and recommendations of the hearing panel, the Board in a unanimous decision determined, “ after careful review of the testimony and evidence and consideration -of the findings of fact and recommendation ’ ’ of the hearing panel, that there was no cause with regard to 11 charges, but determined that there was cause for action on the remaining 11 charges. The Board gave reason for each finding, imposed no penalty for 3 charges, but specified disciplinary proceedings in each of the other 8 charges, and suspended Petitioner, without pay, for a total of 69 days covering the period from September 8,1970 to November 16, 1970.
In -summary, then, of the total 22 charges, both the panel and the Board found Petitioner guilty of 3 -of the charges specified, and with respect to these 3 charges the Board assessed a total of 42 days’ suspension as compared to 14 days’ suspension recommended by the panel. As to the other 19 charges, while the panel found that there was no cause for action, the Board determined that the Petitioner was guilty as charged in 8 of them. Reference to the record reveals that there was -substantial evidence to -support the Board’s determination in each of them, and that, in fact, at the panel hearing Petitioner admitted 6 of said 8 charges.
*149 Petitioner contends that the Board’s determination is arbitrary in that it imposes a penalty far in excess of the recommendation of the hearing panel, and that since the Board’s decision was based on the same evidence reviewed by the hearing panel, the Board should be required to accept the findings and recommendation of the panel, and, therefore, that Petitioner should be reinstated as of September 22,1970.
The hearing of the charges against Petitioner stems from section 3020-a of the Education Law entitled ‘ ‘ Hearing Procedures and Penalties ”. Subdivision 4 thereof provides in part as follows: “ Within five days of the conclusion of a hearing held under this section, the commissioner of education shall forward a report of the hearing, including the findings and recommendations of the hearing panel and their recommendations as to penalty if one is warranted, to the employee and to the clerk of the employing board. Within five days of receipt of such hearing report the employing board shall determine the case by a vote of a majority of all the members of such board and fix the penalty or punishment, if any, which shall consist of a reprimand, a fine, suspension for a fixed time without pay or dismissal.”
It would appear that the findings and recommendations of the hearing panel, referred to in subdivision 4 of the statute, are simply advisory in character and not in any way conclusive upon the employing board. To hold otherwise would render meaningless the statutory requirement that “ the employing board shall determine the case by a vote of the majority of all the members of such board and fix the penalty or punishment, if any.”
The word “ determine ” is not synonymous with “ recommend ”. 11 Recommend ’ ’ involves the idea that another has the final decision. (76 O. J. S., Recommend, p. 104); and is defined as “ to advise in favor of a course of action to be taken ’ ’, Ballentine’s law dictionary.
“ Determine ” is defined as meaning to resolve, to adjudge, to decide, to ascertain or settle definitely or permanently (26 A C. J. S., Determine, p. 886); and in Ballentine’s law dictionary as “ to put .an end to controversy by deciding the issue or issues also as “ ‘ to bring to a conclusion, as a question or controversy; to settle by authoritative or judicial sentence ’; * * * ‘ to perform a judicial act ’ ’ ’. (Eastman Kodak Co. v. Richards, 123 Misc. 83, 86).
It would seem, therefore, that while the statute authorizes the hearing panel .to make ■ findings and recommendations, the power to “ determine the case ” — deciding the validity of the *150 charges and the penalty or punishment to be imposed, if any— is vested in the Board. Thus, the issue before the court is whether the Board’s findings and the punishment it fixed are arbitrary as claimed by Petitioner.
It is well settled that in reviewing acts of a school board, as with any other legal board, commission or authority, the province of the court is limited to a consideration of whether, on the entire record, there was substantial evidence to support the board’s findings. (CPLR 7803, subd. 4.) If such evidence is presented, the board’s determination cannot be upset even though a court may have acted differently. Similarly, in reviewing the punishment assessed, the court is restricted in ascertaining whether the penalty is so disproportionate to the offense as to be shocking to one’s sense of fairness, in effect amounting to being arbitrary and capricious or an abuse of discretion. (CPLR 7803, subd. 3.)
On the basis of the record in the instant case, the Board’s determination and disciplinary action were not arbitrary or capricious, but were supported by substantial evidence. It would appear, however, that the total punishment imposed is in some respects excessive, and that justice would be as well served by a reduction of the total penalty to .a 50-day suspension add reinstatement of Petitioner as of October 28, 1970.
Except as hereinbefore set forth, Petitioner’s application is hereby denied.