**Donald M. KINSELLA, Plaintiff,**

v.

**BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT NO. 7 OF the TOWNS OF AMHERST AND TONA- WANDA, ERIE COUNTY and Ewald B. Nyquist, Commissioner of Education of the State of New York, Defendants.**

**Civ. No. 1973–187.**

United States District Court,
W. D. New York.

Feb. 19, 1974.

As Amended Feb. 20, 1974.

---

Bernard F. Ashe, and James R. Sandner, Albany, N. Y., for plaintiff.

Ohlin, Damon, Morey, Sawyer & Moot, Buffalo, N. Y. (James S. McAskill, Buffalo, N. Y., of counsel), Thomas L. David, Buffalo, N. Y., for Defendant Central School Dist. No. 7.

Louis J. Lefkowitz, Atty. Gen. of N. Y. (Douglas S. Cream, Asst. Atty. Gen., of counsel), for defendant Nyquist.

Before OAKES, Circuit Judge, HENDERSON, Chief District Judge, and CURTIN, District Judge.

JOHN O. HENDERSON, Chief District Judge:

The plaintiff in this action is a tenured school teacher who has been em-

ployed by the defendant school board as a physical education and health education instructor for the past fourteen years. On March 1, 1973 the principal of the Senior High School of Sweet Home Central School District, where plaintiff is employed, filed charges against plaintiff with the defendant school board pursuant to provisions of section 3020–a subd. 1 of the Education Law of the State of New York. Those charges allege that on three separate occasions the plaintiff administered excessive corporal punishment to high school students. On March 5, 1973 the school board, acting pursuant to the same statute, made a finding that probable cause existed to support the charges. Plaintiff was notified in writing of the charges and of his right to a hearing before a three-member panel. Plaintiff requested that such a hearing be held, but prior thereto he filed this action, praying for a judgment declaring sections 3012 and 3020–a of the Education Law unconstitutional. Since plaintiff further seeks a permanent injunction against the operation of the above statutes, a three-judge panel was convened to hear argument.

█ Plaintiff's challenge to the constitutionality of section 3012 is based upon a claim of vagueness and overbreadth. With respect to section 3020–a plaintiff contends that the procedures set forth therein for the removal of a tenured teacher constitute a deprivation of property without due process, a violation of the equal protection clause, and potential infringement of a teacher's First Amendment rights. The court finds the equal protection and First Amendment claims to be improperly raised in this litigation.[1] The plaintiff's remaining contentions will be discussed in turn, together with the question of this court's abstention, which was raised initially at oral argument.

## ABSTENTION

█ In a proper case for abstention, the uncertainty in state law must be such that construction of the statute by a state court might obviate the need for decision of a federal constitutional question. Railroad Commission v. Pullman Co., 312 U.S. 495, 61 S.Ct. 643, 85 L.Ed. 971 (1941); Zwickler v. Moota, 389 U.S. 241, 248–249, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967).

The Supreme Court has repeatedly emphasized that abstention should not be ordered merely to give the state courts the first opportunity to decide constitutional issues. It has also cautioned that abstention frequently leads to piecemeal adjudication in many courts, which will cause an undue delay of the ultimate decision on the merits. Baggett v. Bullitt, 377 U.S. 360, 378–379, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964).

█ With these guidelines in mind, we conclude that the instant case is not an appropriate one for abstention. The facts of this case do not raise questions of ambiguity in the state statute which the state courts might resolve in a way that would end the constitutional controversy. Wisconsin v. Constantineau, 400 U.S. 433, at 439, 91 S.Ct. 507, 27 L.Ed. 2d 515 (1971). Nor is this a case where principles of comity would require abstention in the face of a pending state court proceeding. Lake Carriers Association v. MacMullan, 406 U.S. 498 at 509, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972).

## VAGUENESS AND OVERBREADTH

Section 3012 of the Education Law provides:

"2. . . . Such persons, [teachers appointed to tenure] and all others employed in the teaching service of the schools of such union free school

---

1. Plaintiff's status as a tenured teacher does not give him standing to raise the argument that, since the procedures of section 3020–a are available only to tenured teachers, the statute discriminates against non-tenured teachers. His claim that section 3020–a could be used to chill the First Amendment rights of teachers is without merit, since the undisputed facts of this case raise no question of an infringement of First Amendment rights.

district, who have served the probationary period as provided in this section, shall hold their respective positions during good behavior and efficient and competent service, and shall not be removed except for any of the following causes, after a hearing, *as provided by section three thousand twenty-a of such law:* (a) *insubordination, immoral character or conduct unbecoming a teacher;* (b) *inefficiency, incompetency, physical or mental disability, or neglect of duty;* (c) failure to maintain certification as required by this chapter and by the regulations of the commissioner of education. . . . " (Emphasis added.)

■ Plaintiff contends that the italicized language is both unconstitutionally vague and overbroad in that it fails to set forth guidelines for its application, either in other statutes or in the rules or regulations of either defendant, cit-

ing Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). We find this contention without merit. Whatever may be the outer limits of the statutory language in question, that uncertainty has little relevance where the conduct alleged falls squarely within the hard core of conduct the statute was designed to proscribe. Frondrick v. State of Oklahoma, 413 U. S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). The charges filed against the plaintiff in this case constitute conduct which, if proven, would fall squarely within the statutory language set forth above.

## DUE PROCESS

Section 3020–a of the Education Law provides the administrative machinery for processing charges against a tenured teacher.[2] Such charges must be filed in

---

2. § 3020–a. *Hearing procedures and penalties.*
1. Filing of charges. Except in cities having a population of one million or more, all charges against a person enjoying the benefits of tenure as provided in subdivision three of section one thousand one hundred two, and sections two thousand five hundred nine, two thousand five hundred seventy-three, three thousand twelve, three thousand thirteen and three thousand fourteen of this law shall be in writing and filed with the clerk of the school district or employing board during the period between the actual opening and closing of the school year for which the employee is normally required to serve. Except as provided in subdivision eight of section two thousand five hundred seventy-three of this law, no charges under this section shall be brought more than five years after the occurrence of the alleged incompetency or misconduct, except when the charge is of misconduct constituting a crime when committed.
2. Disposition of charges. Upon receipt of the charges, the clerk of the school district or employing board shall immediately notify said board thereof. Within five days after receipt of charges, the employing board, in executive session, shall determine, by a vote of a majority of all the members of such board, whether probable cause exists. If such determination is affirmative, a written statement specifying the charges in detail, and outlining his rights under this section, shall be immediately forwarded to the accused employee by certified mail. The employee may be

suspended pending a hearing on the charges and the final determination thereof. Within five days of receipt of the statement of charges, the employee shall notify the clerk of the employing board whether he desired a hearing on the charges. Unless the employee has waived his right to a hearing within the allotted time, the clerk of the board shall, not later than the end of said five-day period, notify the commissioner of education of the need for a hearing. If the employee waives his right to a hearing the employing board shall proceed, within fifteen days, by a vote of a majority of all the members of such board, to determine the case and fix the penalty or punishment, if any, to be imposed in accordance with subdivision four of this section.
3. Hearings.
a. Notice of hearing. Upon receipt of a request for a hearing in accordance with subdivision two of this section, the commissioner of education shall schedule a hearing, to be held in the local school district, or county seat, within twenty working days of his receipt of the request therefor, and immediately notify the employee and the employing board of the time and place thereof and the procedures to be followed in selecting a hearing panel.
b. Hearing panel members. For the purposes of this section the commissioner of education shall maintain a list of hearing panel members, composed of professional personnel without administrative or supervisory responsibility, professional personnel

writing with the clerk of the employing school district. Within five days of the date the school board is notified of the charges, the board, meeting in executive session, determines by majority vote whether probable cause exists to support the charges. If a probable cause finding is made, a written statement of the charges is sent to the teacher. The teacher may then elect to have a hearing before a three-member panel selected from a list maintained by the Commissioner of Education, and presided over by a hearing officer selected by the commissioner. At such a hearing the rules of evidence do not apply, but the teacher may be represented by counsel, may testify in his own behalf, and may subpoena and cross-examine witnesses. A verbatim record of the hearing is kept,

transcribed and furnished to the teacher without charge. Following the hearing, the panel forwards its report and the transcripts of the proceedings to the commissioner. The Commissioner of Education then forwards to the employing board a hearing report setting forth the findings and recommendations of the hearing panel, including any recommendation as to penalty. The statute states that within thirty days of receipt of the hearing report, the employing board "shall determine the case by a vote of a majority of all members of such board and fix a penalty or punishment, if any . . . ."

The plaintiff contends that the procedures set forth in section 3020–a constitute a denial of due process in that (1) a teacher is denied a meaningful hear-

with administrative or supervisory responsibility, chief school administrators, members of employing boards and others, selected from lists of nominees submitted by statewide organizations representing teachers, school administrators and supervisors and the employing boards. Hearing panel members shall be compensated at the rate of fifty dollars for each day of actual service plus necessary travel and subsistence expenses incurred in carrying out the duties of a panel member.

c. Hearing procedures. The commissioner of education shall have the power to establish necessary rules and procedures for the conduct of hearings under this section. Such rules shall not require compliance with technical rules of evidence. All such hearings shall be held before a hearing panel composed of three members not resident, nor employed, in the territory under the jurisdiction of the employing board, selected in the following manner from the list maintained by the commissioner of education for such purposes: one member shall be selected by the employee, one member shall be selected by the employing board and the third member shall be chosen by mutual agreement of the first two, or, if they fail to agree, by the commissioner of education.

Each such hearing shall be conducted by a hearing officer designated by the commissioner of education and shall be public or private at the discretion of the employee. The employee shall have a reasonable opportunity to defend himself and an opportunity to testify in his own behalf. Each party shall have the right to be represented by counsel, to subpoena witnesses and

to cross-examine witnesses. All testimony taken shall be under oath which the hearing officer in charge is hereby authorized to administer. A competent stenographer, designated by the commissioner of education, shall keep and transcribe a record of the proceedings at each such hearing. A copy of the transcript of the hearing shall, upon request, be furnished without charge to the employee involved.

4. Post hearing procedures. Within five days of the conclusion of a hearing held under this section, the commissioner of education shall forward a report of the hearing, including the findings and recommendations of the hearing panel and their recommendations as to penalty if one is warranted, to the employee and to the clerk of the employing board. Within thirty days of receipt of such hearing report the employing board shall determine the case by a vote of a majority of all the members of such board and fix the penalty or punishment, if any, which shall consist of a reprimand, a fine, suspension for a fixed time without pay or dismissal. If the employee is acquitted he shall be restored to his position with full pay for any period of suspension and the charges expunged from his record.

5. Appeal. Any employee feeling himself aggrieved may review the determination of the employing board either by appeal to the commissioner of education as provided for by article seven of this chapter, or by a special proceeding under article seventy-eight of the civil practice law and rules. If the employee elects to institute such proceeding, the determination of the employing board shall be deemed to be final for the purpose of such proceeding.

ing of his case because he is not permitted to present favorable evidence or to rebut adverse evidence before the body that has the power to decide the case, that is, the school board; (2) the same attorney who represents the school board at the time of the probable cause finding will act as "prosecuting attorney" before the hearing panel in his capacity as attorney for the school principal who brought the charges, and will continue to act as attorney for the school board and presumably render advice to that board, at the time the case is finally determined; (3) the same body that makes the finding that probable cause exists to support the charge filed against a teacher will ultimately make the final decision of guilt or non-guilt and will decide upon a penalty; (4) a teacher may be suspended from his duties prior to any hearing.[3]

█ Any consideration of the procedures required by the due process clause, under a given set of circumstances, must begin with the question of whether the plaintiff may be deprived of "liberty" or "property" within the meaning of the due process clause as a result of those procedures. Cafeteria and Restaurant Workers v. McElroy, 367 U.S. 886, 895, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961).

In two recent decisions, Board of Regents v. Roth, 408 U.S. 564, 93 S.Ct. 2701, 33 L.Ed.2d 548 (1972) and Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), the Supreme Court provided guidance as to which interests of government employees are constitutionally protected. Taken together, those cases establish that a tenured teacher has a property interest in continued employment in the absence of "sufficient cause" for dismissal. Perry v. Sindermann, *supra* at 601–603, 92 S.Ct. 2694.

█ Since we are faced with a possible deprivation of a protected property interest, the ultimate question to be decided is whether the procedures mandated by section 3020–a comply with the requirements of due process.[4]

The crux of the plaintiff's due process claim is a challenge to the procedures involved in the final determination of the employing board which follows the hearing panel stage of the proceedings. The plaintiff contends that while section 3020–a provides for a hearing that conforms to due process standards, the right to a hearing is illusory because nothing that occurs before the hearing panel need have any impact on the school board's final determination.

█ Section 3020–a has been construed to mean that the findings and recommendations of the hearing panel are merely advisory and not in any way conclusive upon the employing board. Le Tarte v. Board of Education, 65 Misc.2d 147, 316 N.Y.S.2d 781 (1970). The statute does not require that the school Board's decision be based upon the record developed before the hearing panel. Indeed, there is no requirement that a transcript of the hearing panel proceedings even be sent to the school board, although it has been represented

---

3. While we need not reach the question of suspension here since the plaintiff has not in fact been suspended, we note the rather surprising recent decision in Jerry v. Board of Education, 75 Misc.2d 461, 347 N.Y.S.2d 917 (Sup.Ct.1973), permitting suspension of a tenured teacher without pay on the basis of charges that, if proved, would warrant dismissal.

4. We note that the Supreme Court has recently, 42 U.S.L.W. 3281 (U.S. Nov. 18, 1973), heard argument in Kennedy v. Sanchez,

349 F.Supp. 863 (N.D.Ill.1972), prob. Juris. noted sub nom. Phillips v. Kennedy, 411 U.S. 915, 93 S.Ct. 1549, 36 L.Ed.2d 306 (1973), a case in which a three-judge court held certain portions of the Lloyd-Lafollette Act, 5 U.S.C. § 7501, relating to discharge procedures applicable to federal competitive service employees, to be unconstitutional. Since the provisions of § 3020–a resemble, in some respects, those of 5 U.S.C. § 7501, our decision here will have to be applied with deference to the Court's decision when handed down.

at oral argument that the school board may, if it so desires, order the transcript. While the school board does receive a hearing report which contains the findings and recommendations of the panel, that report does not contain even a summary of the evidence elicited at the hearing.

■ Not only does the procedure outlined above fail to insure that the school board's decision will be based on evidence elicited at the hearing, it provides no safeguard against the school board's basing that decision on ex parte evidence. Furthermore, the problem is exacerbated by the fact that the school board is not required to render a written decision setting forth its reasoning and the factual basis for its decision. The situation is analogous to that faced by the Supreme Court in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L. Ed.2d 287 (1970) involving the termination of welfare benefits. The standards set forth in that decision are applicable here:

> "[T]he decisionmaker's conclusion . . . must rest solely on the legal rules and on evidence adduced at the hearing. (Citations omitted.) To demonstrate compliance with this elementary requirement, the decisionmaker should state the reasons for his determination and indicate the evidence he relied on. . . ." (Citations omitted.) *Id.* at 271, 90 S.Ct. at 1022.

■ In support of the constitutionality of the statute, the defendants contend that section 3020–a, subd. 5 affords the teacher the opportunity to appeal to New York Supreme Court in a special proceeding brought under Article 78 of the New York Civil Practice Law and Rules. The defendants contend that this provision would require the state court to review the school board's decision in light of the facts elicited at the hearing before the hearing panel.

This court finds that an appeal under Article 78 of the New York CPLR cannot correct the constitutional defects of section 3020–a. Since the school board is not required to set forth reasons in support of its decision, a review of the factual determination relied upon by the board becomes illusory. Simply stated, there will not be an adequate record for a state court to review. See, United States v. Merz, 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed.2d 629 (1964).

■ The remaining contentions of the plaintiff need not detain us. The plaintiff sees a due process violation in the multiple roles played by both the school board itself and the board's attorney who also represents the school principal before the hearing panel. The affidavit of the school board attorney makes it clear that he never intended to counsel the school board as to its determination in the event this case proceeded to that point. Moreover, the Supreme Court has indicated the performing of multiple functions by individuals or groups in administrative processes is not per se a due process violation. Richardson v. Perales, 402 U.S. 389, 410, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). See also, Marcello v. Bonds, 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107 (1965).

For the foregoing reasons we declare that § 3020–a of the Education Law of the State of New York, absent administrative regulations requiring decision to be based upon evidence elicited before the hearing panel and the decision of the Board to set forth the reasons and factual basis therefor, is unconstitutional, and the defendants are enjoined from its enforcement until such time as appropriate administrative or legislative action is taken to remedy the defects in the procedures here involved.

It is so ordered.