Jerome B. E. Wolff, J.
The petitioner has moved for a judgment of this court confirming the award of the arbitrator, dated August 3, 1973 and requesting judgment be entered thereon. The respondent, the Romulus Central School District Board of Education, has filed a cross motion requesting that the award and decision of the arbitrator be vacated and set aside.
The Romulus Central School District Board of Education, the respondent, entered into a collective bargaining agreement with the petitioner, the Romulus Central School Faculty Association, dated the 12th day of April, 1971. The agreement covered various aspects concerning the employment of the teachers in the Romulus Central School District, especially concerning a grievance procedure and a method for teacher observation and evaluation. The contract defines a grievance in section H, paragraph 2.1 as follows: “ A grievance is a claim by any teacher or group of teachers in the negotiating unit based upon any event or condition affecting their welfare and/or terms and conditions of employment.”
Mr. Stephen Saracino, an art teacher employed by the respondent district was about to complete his probationary period when he was notified on March 23, 1973 by letter from *1074 the District Principal that the District Principal would not recommend him for a tenure appointment. On March 27, 1973, the District Principal recommended to the District Superintendent certain teachers for tenure appointment, but did not include Stephen Saracino. On March 29, 1973, the respondent Board of Education received from the District Superintendent a list of teachers for tenure appointment, but this list did not include the name of Stephen Saracino. Later on April 10, 1973, the District Superintendent notified Mr. Saracino giving his reasons for not recommending him for tenure. Mr. Saracino filed a grievance on March 27, and thereafter a hearing was held by the arbitrator on June 26, 1973.
On August 3, 1973 the arbitrator made his award which stated as follows: 1 ‘ Mr. Saracino should therefore be employed for a probationary period of one additional year, during which time a fair and systematic evaluation of his performance and qualifications as a permanent member of the teaching staff should be made in accordance with the agreement between the parties to the extent such contractual requirements are not prohibited by specific terms of the New York State Education Law. ’ ’
Thereafter the District Superintendent by letter dated August 8,1973 directed that the respondent School Board should not employ Mr. Saracino during the school year of 1973-1974. The respondent School Board did not take any further action, except to notify Mr. Saracino that pursuant to the direction of the District Superintendent they could not further employ him as a teacher.
The arbitrator found that the Secondary Principal, Mr. Saracino’s direct supervisor, recommended him for tenure, but that Mr. Hoagland, the District Principal, violated the contract by a deviation from the procedure for evaluation of teachers as set forth in the contract. It has been conceded by both parties that no official transcript of the proceeding before the arbitrator was made, insofar as no precise transcript of all the testimony was taken or entered specifically.
It has been argued by the petitioner before this court that it is now too late in time to vacate the arbitration award pursuant to CPLR 7511, and that prior to this point the respondent had not moved to modify the arbitrator’s decision or award. The position of the respondent is that the award of the arbitrator is illegal in that it contravenes section 3013 of the Education Law, insofar as it violates the method used for the granting of tenure according to the Education Law, and there *1075 fore the award itself and the jurisdiction of the arbitrator is completely illegal and this is the basis for vacating the award. There have been allegations on the part of the respondent that the School Board did object to the arbitration proceedings. This point becomes quite academic at this juncture, since there was an arbitration hearing and the School Board did participate in that hearing. If there was a question concerning the arbitration hearing, then that question could have been resolved in its earliest stages by a motion to stay arbitration. A case which is somewhat analogous to the instant case, Board of Educ. of Chautauqua Cent. School Dist. v. Chautauqua Cent. School Teachers Assn. (41 A D 2d 47), has already held that a broadly worded provision such as we have in this case provided an arbitrable issue to be determined and denied an order staying arbitration.
The main thrust of the respondent’s argument is that allowing arbitration, especially concerning a teacher’s right to tenure, would, in fact, deprive the Board of Education of its right to determine the competency of teachers, and that an arbitration award would circumvent or deprive the Board of Education or the District Superintendent from the procedure as set forth in section 3013 of the Education Law. This position the court finds untenable. There have been many cases in which various aspects of a teacher’s employment have been considered in light of various arbitration proceedings, and the contractual rights of teachers in entering contracts between themselves and the Boards of Education. There is no doubt, that it is well settled by the decisional law of this State that contracts concerning employment and the settlement of any disputes arising from the employment or concerning any violations of the contracts should be settled by arbitration in order to maintain a uniform system for collective bargaining agreements.
‘1 Under the Taylor Law, the obligation to bargain as to all terms and conditions of employment is a broad and unqualified one, and there is no reason why the mandatory provision of that act should be limited, in any way, except in cases where some other applicable statutory provision explicitly and definitively prohibits the public employer from making an agreement as to a particular term or condition of employment.” (Board of Educ. Union Free School Dist. No. 3, Town of Huntington v. Associated Teachers of Huntington, 30 N Y 2d 123, 129; wherein the court considered the dismissal of a tenure teacher, and it was argued that an arbitration award concerning this question would be unlawful since it contravenes the *1076 tenure law, section 3020-a of the Education Law.) The court held to the contrary and stated on page 132: “Nor can we agree that a board of education is better qualified than an arbitrator to decide whether a teacher in its employ should be dismissed for incompetency or misconduct.” The prevailing opinion and basic policy of the courts to have disputes settled in arbitration was again reiterated in another Court of Appeals decision, in Matter of Associated Teachers of Huntington v. Board of Educ., Union Free School Dist. No. 3, Town of Huntington (33 N Y 2d 229).
Great emphasis has been placed by the respondent on the question that to sustain the award of the arbitrator would be to sanction a new method of granting tenure to a teacher in contravention of the Education Law, and relies upon the case of Legislative Conference of City Univ. of N. Y. v. Board of Higher Educ. of City of N. Y. (38 A D 2d 478, affd. 31 N Y 2d 926). That case is completely distinguishable from the instant ease, insofar that the collective bargaining agreement contained a definite paragraph which specifically excluded any grievance relating to appointment, reappointment, tenure or promotion.
The case of Matter of Boyd v. Collins (11 N Y 2d 228), and other cases cited in the same decision are not relevant, since it did not pertain to a collective bargaining agreement and the question concerning tenure turned upon the issue of certain actions of the Board of Education in order to alleviate the dismissal of a teacher.
The position taken by the District Superintendent and by the respondent that the District Superintendent was not a party and could not be a party to the arbitration proceedings, and thereby the respondent Board of Education is powerless to act either in accordance with the arbitration award or upon its own recommendation, is completely without merit. To assume this position on behalf of the respondent would completely contravene the public policy of the Taylor Law (Civil Service Law, art. 14), and the enunciated principles of the advantages of collective bargaining agreements as set forth in various Court of Appeals decisions, and section 3031 of the State Education Law, and also presents a further aspect, as to the question of the constitutionality and violation of due process. (See Kinsella v. Board of Educ. Cent. School Dist. No. 7, 378 F. Supp. 54.)
The cross motion of the respondent is in all respects hereby denied and the arbitrator’s award dated August 3,1973 is hereby confirmed.