JONES, APPELLEE, *v.* BOARD OF EDUCATION, MT. HEALTHY CITY SCHOOL DISTRICT, APPELLANT.

[Cite as Jones v. Bd. of Education (1978),
60 Ohio App. 2d 138.]

(No. C-77348—Decided August 16, 1978.)

*Mr. Paul H. Tobias,* for appellee.
*Mr. Philip S. Olinger,* for appellant.

PALMER, P. J. In April 1973, plaintiff-appellee, Clifford

Jones, received notice from the defendant-appellant, the Board of Education of Mt. Healthy City School District, that the board was considering the termination of Jones' teaching contract "for gross inefficiency and for other good and just cause." In response, Jones timely filed a written demand for a public hearing, electing to have the hearing held before a referee rather than before the board pursuant to R. C. 3319.16. A lengthy evidentiary hearing was accordingly held before the referee below, at the conclusion of which the referee submitted a report to the board recommending the termination of Jones' contract. Jones thereafter demanded an additional hearing before the board to refute the findings and recommendations contained in the referee's report. The board refused Jones' request for a further hearing and, at a subsequent meeting, voted to accept the referee's recommendation and terminate Jones' contract. Jones appealed the board's decision to the Court of Common Pleas in accordance with the provisions of R. C. 3319.16, asserting in his petition and, subsequently, in his motion for summary judgment, that the board had acted improperly in denying the appellant his claimed statutory and constitutional rights to an additional hearing before the board to challenge the contents of the referee's report. The trial court agreed, granting Jones' motion for summary judgment, vacating the board's termination of Jones' contract and ordering his reinstatement with full payment of any salary lost as a result of such termination. The board timely filed this appeal from the trial court's judgment, presenting three assignments of error for review.

The board, in its first assignment, asserts that the trial court erred in ruling that Jones was entitled, under the provisions of R. C. 3319.16, to a pre-termination hearing before the board in addition to the full evidentiary hearing which he elected to have before the referee below. The statutory language at issue provides, in pertinent part:

"***Within ten days after receipt of the notice [of termination] from the clerk of the board, the teacher may file with the clerk a written demand for a hearing before the board or before a referee***. The hearing shall be private unless the teacher requests a public hearing. The hearing shall be conducted by a referee appointed pursuant to section 3319.161 of the Revised Code, if demanded; otherwise, it

shall be conducted by a majority of the members of the board and shall be confined to the grounds given for the termination.* * *

"Both parties may be present at such hearing, be represented by counsel, require witnesses to be under oath, cross-examine witnesses, take a record of the proceedings, and require the presence of witnesses in their behalf upon subpoena to be issued by the clerk of the board.* * * Any member of the board or the referee may administer oaths to witnesses. *After a hearing by a referee,* the referee shall file his report within ten days after the termination of the hearing. After consideration of the referee's report, the board by a majority vote may accept or reject the referee's recommendation on the termination of the teacher's contract. *After a hearing by the board,* the board by majority vote may enter its determination upon its minutes." (Emphasis added.)

Appellee Jones contends that the final sentence of the above quoted language—prefaced as it is by the words "after a hearing by the board"—invests him with an absolute right to a hearing before the board at some point prior to the termination of his teaching contract, whether or not he originally had elected to avail himself of the opportunity to be heard by an impartial referee. The appellant, on its part, argues that the language cited by Jones in support of his claimed right to a hearing before the board is inapplicable to cases where, as here, a teacher had chosen to present his case to a referee. The phrase, "after a hearing by the board," the board asserts, is intended to preface a description of the procedure to be followed only when a teacher originally has elected to have his termination hearing before the board; the provision is parallel with, and not sequential to, the preceding two sentences of the statute which, the board suggests, delineate fully and exclusively the procedures to be followed "after a hearing by a referee," and which do not include the right to an additional hearing before the board.

A careful review of the pertinent statutory language compels our conclusion that the interpretation of R. C. 3319.16 urged by the board herein is the correct one. The statute clearly contemplates and carefully delineates two distinct and, in our opinion, mutually exclusive avenues for the resolution of disputes involving the termination of a

teacher's contract. A teacher may choose to present his case directly to the board that has preferred charges against him, after which the board may promptly vote on the termination of the teacher's contract. Alternatively, the teacher may elect to have his case heard by an impartial referee, at the conclusion of which the referee reports his findings and recommendations to the board. The board, after reviewing the report, may immediately vote to accept or reject the recommendations contained therein and, thus, to terminate or continue the teaching contract in question; the statute plainly interposes no requirement that a teacher be afforded an opportunity to refute the contents of a referee's report in the period between the filing of the report and its acceptance or rejection by the board. To hold, as Jones suggests, that the carefully maintained distinctions between the two types of proceedings developed in R. C. 3319.16 should be abruptly dissolved in order to afford Jones the right to an additional hearing before the board prior to the termination of his contract thus would not only offend a fundamental tenet of statutory construction—*viz.,* that a statute must be construed so as to carry its plainly perceivable scheme or design into effect [1]—but would do violence to the plain language of the statute itself. We therefore conclude that the trial court erred in holding that the provisions of R. C. 3319.16 entitled Jones to a separate pre-termination hearing before the board in addition to the hearing which Jones elected to have before the referee below, [2] and we accordingly sustain the board's first assignment of error.

Having thus determined that Jones, having once had a full hearing before a referee, has no right to a separate hear-

---

[1] See *Logan Natural Gas & Fuel Co.* v. *Chillicothe* (1901), 65 Ohio St. 186, and *State, ex rel. Cromwell,* v. *Myers* (1947), 80 Ohio App. 357.

[2] Our conclusion that Jones was entitled, under R. C. 3319.16, to a single hearing only—either before a referee or before the board—is supported by other language in the statute setting forth the procedures for judicial review of the board's decision, as follows:

"Any teacher affected by an order of termination of contract may appeal to the court of common pleas***. ***Upon service or waiver of summons in said appeal, the board shall immediately transmit to the clerk of said court for filing***a certified transcript of all evidence adduced at the hearing or hearings before the board *or* a certified transcript of all evidence adduced at a hearing or hearings before the referee***." R. C. 3319.16. (Emphasis added.)

ing before the board under the provisions of R. C. 3319.16, we are confronted with the issue raised in the board's second assignment of error: whether the statute, so construed, violates Jones' constitutional right to due process of law. The court below expressed its belief that R. C. 3319.16, in order to be held constitutional, must be so construed as to afford a teacher an absolute right to be heard by the board—which the court characterized as the ultimate "decision maker" in these proceedings—even in those cases where a teacher has exercised his right to be heard by a referee. We disagree. R. C. 3319.16 does in fact confer upon a teacher the right, in the first instance, to personally appear before the board in order to defend himself against the charges which it has brought against him. However, a teacher may, when it is in his best interest to do so, freely elect to completely bypass any such opportunity to present his defense directly to his accusers in favor of proceeding before a more neutral and detached tribunal—*viz.*, a referee appointed pursuant to R. C. 3319.16. Moreover, regardless of the forum in which a teacher initially elects to proceed, the final termination decision of the board may be directly appealed to the court of common pleas, which, in addition to reviewing the record of the administrative proceedings below, may hold further hearings, permitting the parties to introduce other evidence in addition to that adduced in the administrative hearing. R. C. 3319.16.

The constitutional propriety of this elective statutory scheme under due process standards was recognized, in no uncertain terms, by the United States Court of Appeals for the Sixth Circuit in *Whitsel* v. *Southeast Local School District* (C.A. 6, 1973), 484 F. 2d 1222, a case neither cited nor discussed in the briefs or arguments of either of the parties in this appeal. In *Whitsel,* the plaintiff's continuing teaching contract was terminated by the defendant board of education after the plaintiff had elected to have his hearing before the board rather than before a referee. The plaintiff brought the federal action alleging, *inter alia,* that he was denied due process of law in the hearing accorded him under R. C. 3319.16 because the defendant board acted as both accuser and trier of fact at the hearing (a claim which, we note, might just as well have been asserted by Jones in the instant case had his

request for an additional hearing before the board been granted in the administrative proceedings below). The Court of Appeals rejected the plaintiff's claim, noting that the plaintiff could have demanded a hearing before an impartial referee but chose not to do so, stating:

"The pertinent Ohio statute [R. C. 3319.16] specifies the grounds for termination of a continuing contract, requires written notice and time to prepare a defense, *and provides the option of requesting a referee to conduct the hearing instead of the school board,* a stenographic record, the right of confrontation, the right to counsel, and the right to subpoena witnesses. It also provides for plenary review of an order of termination in the state courts. Tested by every standard ever enunciated, these rights constitute procedural due process in a contract termination proceeding. See *Perry* v. *Sindermann.* [408 U. S. 593 (1972)]***. *Id.,* at 1229. (Emphasis added.)

We find the Court's holding in *Whitsel* to be dispositive of the constitutional issues presented for determination in the instant appeal. The cases cited by Jones in support of a contrary result—*viz., Goldberg* v. *Kelly,* (1970), 397 U. S. 254, *Kinsella* v. *Board* (W.D. N.Y. 1974), 378 F. Supp. 54, and *State* v. *Carroll* (1977), 54 Ohio App. 2d 160—all present situations in which the statutory scheme at issue either absolutely denied an aggrieved party any opportunity to choose to appear before the respective decision-making agency, or failed to require that the termination decision be based upon the evidence adduced at the administrative hearing—neither of which defects is present in R. C. 3319.16—and are thus inapposite to the case before us.

We therefore conclude that the trial court erred in ruling that R. C. 3319.16, as herein construed, was violative of Jones' constitutional right to due process of law. The board's second assignment of error is, therefore, well-taken, and is accordingly sustained.

The board's third assignment of error, challenging that part of the judgment below awarding back pay to Jones during the term of his allegedly unlawful termination, is mooted by our disposition of the foregoing two assignments of error, and is accordingly overruled.

The judgment of the court below must be, and hereby is, reversed.

*Judgment reversed.*

SHANNON and KEEFE, JJ., concur.