■ In the Matter of MICHAEL TURCO, Appellant, v BOARD OF EDUCATION OF THE WINDSOR CENTRAL SCHOOL DISTRICT, Respondent. [621 NYS2d 202] —Cardona, P. J. Appeal from an order of the Supreme Court (Coutant, J.), entered January 12, 1994 in Broome County, which (1) partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent terminating petitioner's position as a physical education teacher, and (2) transferred to this Court the issue of substantial evidence.

Petitioner was a tenured physical education teacher employed at respondent's high school where he also served as the girls' coach for track and cross-country. During the 1988-1989 school year, allegations were leveled at petitioner concerning inappropriate physical contact with several of his female students. Respondent's Superintendent was unable to verify the charges but determined that petitioner had used poor judgment working with female students and instructed petitioner not to have physical contact with female students.

In 1991, another incident occurred resulting in an investigation and charges relating to incidents involving three students during the 1988-1989 school year and the 1991 incident involv-

ing a fourth girl. After a hearing pursuant to Education Law § 3020-a (2), a Hearing Panel determined that the 1988-1989 incidents involved conduct unbecoming a teacher and also found that a portion of the 1991 incident occurred, namely, insubordination for violating the Superintendent's directive to have no physical contact with female students. The Hearing Panel determined that termination was appropriate and terminated petitioner by resolution dated March 15, 1993.

Petitioner commenced this proceeding pursuant to CPLR article 78 alleging that his rights to procedural due process were violated and that the determination was not supported by substantial evidence. Supreme Court dismissed the due process claims and transferred the remainder of the proceeding pursuant to CPLR 7804 (g). Petitioner appeals the dismissed claims within the transferred proceeding.

Petitioner contends that the format of the notice, i.e., separately stating the factual specifics involved in all of the incidents followed by an itemization of the categories of misconduct (Education Law § 3012 [2] [a], [b]) which were alleged to be applicable, denied him sufficient notice of the charges and the opportunity to adequately prepare a defense. We disagree. The conduct charged was clear and specific. The formal statement of the charges included as attachments the written statements by each of the four students involved. Petitioner was clearly advised of the alleged facts forming the basis of the charged misconduct. Similarly, respondent itemized the specific statutory categories including "conduct unbecoming a teacher" and "insubordination" that were violated by the incidents. The notice fairly apprised petitioner of the charges against him and permitted the preparation of an adequate defense (see, Matter of Block v Ambach, 73 NY2d 323, 332-334; Matter of Root v Board of Educ., 59 AD2d 328, 330).

Similarly, the use of an inaccurate date which was misstated by one week as it related to an incident of touching which occurred in 1989 did not mislead or hamper the defense (see, Matter of Shurgin v Ambach, 83 AD2d 665, 666, affd 56 NY2d 700). While petitioner's version of the rubdown was at variance with the complaining witness, there is no dispute that the massaging occurred. The use of the "on or about" date involving a two-year-old occurrence was sufficient to apprise petitioner of the charged event (see, Matter of Jerry v Board of Educ., 50 AD2d 149, 158, appeal dismissed 39 NY2d 1057).

Finally, there is no merit to petitioner's contention that the

determination lacks substantial evidence in the record *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). It is respondent's function to weigh the evidence *(see, Matter of New York City Bd. of Educ. v Batista,* 54 NY2d 379, 384-385) and resolve issues of credibility when there is conflicting evidence *(see, Matter of Heslop v Board of Educ.,* 191 AD2d 875, 878). The evidence in the record fully supports respondent's determination.

Mikoll, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs, determination confirmed and petition dismissed.