■ In the Matter of THOMAS H. SMITH, Petitioner, v BOARD OF EDUCATION, ONTEORA CENTRAL SCHOOL DISTRICT, Respondent. [633 NYS2d 625] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which terminated petitioner's employment as a bus driver.

The instant CPLR article 78 proceeding challenges respondent's determination terminating petitioner's employment as a school bus driver for misconduct in his attempt to discipline Paul Jarvis, a fourth-grade student, on January 11, 1993. Petitioner was operating a school bus transporting students home when he brought the bus to a stop and left his driver's seat to proceed to the rear of the bus in an effort to quiet students who had become so noisy that petitioner felt he could not concentrate on his driving in the snowy weather conditions. Petitioner stated that as he proceeded toward the rear of the bus he ruffled the hair of Jarvis and another student who were apparently engaged in some horseplay, telling them "knock it off you guys". Jarvis responded, "What the hell did you do that for?" Petitioner stepped back and admonished Jarvis for using unnecessary language. Jarvis responded with expletives. Petitioner stated that he then picked Jarvis up by his jacket, raised him to eye level, told him to be quiet for the rest of the trip and firmly placed him back in his seat. Petitioner had received a written notice dated September 3, 1991 concerning a prior incident directing him not to touch students unless it was in the line of protecting other students

or school property and that if he did so respondent would be forced to take disciplinary action.

On January 29, 1993 petitioner received notification of three charges of misconduct arising from the January 11, 1993 incident. The first alleged that he slapped Jarvis, shaking him roughly, hitting his head on the ceiling of the bus and throwing him back into his seat, causing Jarvis to hit his head on metal on a window. The second alleged that petitioner remarked to Jarvis that "next time, it [would] be through the roof". The final specification alleged that petitioner was insubordinate in touching a student despite being admonished not to do so in a written memorandum dated September 3, 1991.

Following a hearing held on four dates in March and April 1993, the Hearing Officer found petitioner guilty only of picking up Jarvis from his seat and recommended that petitioner be suspended without pay up to a certain date, then reinstated. Respondent reviewed the record of the hearing and the Hearing Officer's recommendation. Respondent made its own conclusions, finding that petitioner had slapped Jarvis, lifted him off the floor, banged his head into the bus roof and made inappropriate comments to him. Respondent also found that petitioner was insubordinate in his failure to follow the written admonition issued to him in September 1991. At a special meeting held March 7, 1994 at which petitioner was present, respondent passed a resolution finding petitioner guilty of misconduct and insubordination, and terminated his employment as of that date. The vote was four in favor, two opposed with one abstention. Petitioner was formally notified by letter dated March 9, 1994.

Petitioner asserts in his petition that Civil Service Law § 75 denied him due process of law because it failed to require that an employer's decision be based upon the hearing record or a written decision setting forth the reasoning and factual basis for the decision. Petitioner also claims that respondent's determination was in violation of lawful procedure, affected by an error of law, arbitrary, capricious and an abuse of discretion. Further, petitioner asserts that the determination was not supported by substantial evidence. The proceeding was transferred to this Court pursuant to CPLR 7804 (g) by order of Supreme Court.

Initially, we note that Supreme Court did not decide the merits of the constitutional challenge to the Civil Service Law but that petitioner filed an appeal to this Court purportedly challenging the order of transfer, which rejected the constitu-

tional claim as procedurally not reviewable. In the interest of judicial economy, this Court will review the constitutional claim as it affects petitioner's due process rights. Notably, petitioner did not seek to declare Civil Service Law § 75 unconstitutional but only to review the determination on the ground that the opinion and the recommendation of the Hearing Officer should have been followed (*see, Matter of Bartlett v Dutchess County*, 189 AD2d 1027).

Petitioner claims that Civil Service Law § 75 unconstitutionally denies him due process because it fails to insure that the employer's decision is based upon the record developed before the Hearing Officer or that the employer render a written decision setting forth its reasoning along with the factual basis for its decision. Petitioner argues that these deficiencies render due process under the statute illusory and allows an employer to base its determination upon ex parte evidence or whim, citing to *Kinsella v Board of Educ.* (378 F Supp 54). We disagree. "Due process requires that an individual be afforded an opportunity to be heard at a meaningful time and in a meaningful manner (*Goldberg v Kelly*, 397 US 254)" (*Matter of Marsh v Hanley*, 50 AD2d 687, 688). It is essential that there be a record developed "which assure[s] meaningful * * * review" (*see, supra*). The instant record, contrary to petitioner's contentions, does just that.

Petitioner's reliance on *Kinsella v Board of Educ.* (*supra*) for support is misplaced. In *Kinsella*, the Education Law provision at issue (Education Law § 3020-a) called for an administrative hearing by a panel which was to make a report of its findings and recommendations concerning misconduct to a school board. There, the statute under review had additional procedural deficiencies which also helped to bring about a complete disregard of the hearing transcript in making the final determination. The Federal court concluded that there was no requirement that the school board's decision be based upon the record developed by the hearing panel or that the transcript be sent to the school board (*see, supra*, at 58-60). The instant statutory scheme, however, provides that the removal hearing be held before the officer or body having power to remove the person charged or by a deputy or other person designated to hold the hearing and that such designee, if one is appointed, make a record of the hearing which shall, together with the designee's recommendations, be referred to such officer or body for review and decision (*see*, Civil Service Law § 75 [2]).

Thus, the statutory scheme indicates that the removing officer or body must review both the record made before the

Hearing Officer and the Hearing Officer's recommendation in arriving at a decision (*see*, Civil Service Law § 75 [2]). Additionally, while generally "it is not proper for an administrative agency to base a decision of an adjudicatory nature, where there is a right to a hearing, upon evidence or information outside the record" (*Matter of Simpson v Wolansky*, 38 NY2d 391, 396), the record indicates that respondent limited its determination to the hearing evidence. The March 7, 1994 resolution of respondent terminating petitioner's employment recites that respondent reviewed the transcripts, evidence and the Hearing Officer's recommendations in making its determination. The resolution also stated several grounds for respondent's determination and was read aloud at the meeting of respondent which petitioner attended. Accordingly, there is no showing that petitioner has been denied due process by respondent or that Civil Service Law § 75 unconstitutionally deprives petitioner due process by failing to require an employer to set forth facts or reasons for its decision.

Petitioner's contention that respondent's determination of misconduct is not supported by substantial evidence is without merit. Respondent's findings of misconduct including insubordination are amply supported by the evidence adduced at the hearing (*see*, *Matter of Turco v Board of Educ.*, 211 AD2d 861, 863; *Matter of Heslop v Board of Educ.*, 191 AD2d 875, 878). Conflicts in the testimony of witnesses created issues of credibility for respondent board to resolve (*see*, *supra*).

Petitioner's claim that the penalty of termination of employment is "so disproportionate to the offense, in * * * light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233) has merit. In our view respondent did not give sufficient weight to mitigating factors present warranting imposition of a lesser penalty. These factors include petitioner's above-average overall work performance evaluations (*see*, *Matter of Ross v Oxford Academy & Cent. School Dist.*, 187 AD2d 898, *lv denied* 81 NY2d 705) and Jarvis' consistent misbehavior problems both in the classroom and on the school bus (*see*, *Matter of Borkhuis v Quinn*, 158 AD2d 917). The matter should therefore be remitted to respondent for imposition of an appropriate penalty.

Crew III, White, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as imposed a penalty; matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.