■ In the Matter of DAVID F. HEALY, Petitioner, v CLIFTON-FINE CENTRAL SCHOOL DISTRICT et al., Respondents. [658 NYS2d 740] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent Board of Education of Clifton-Fine Central School District which terminated petitioner's employment as a teacher.

Petitioner in this CPLR article 78 proceeding is challenging his dismissal from his tenured teaching position in respondent Clifton-Fine Central School District (hereinafter Clifton-Fine). The sequence of events giving rise to this proceeding commenced on February 8, 1994 at a basketball game involving the Clifton-Fine team coached by petitioner's son. According to

respondents, although petitioner was the timekeeper and should have been neutral, he was berating the officials, claiming they were not calling fouls committed by the other team's players. When several spectators urged him to stop, petitioner went into the stands and confronted them, inviting one to go outside to fight. After the game, respondent Donald H. Belcer, Clifton-Fine's Superintendent, chastised petitioner for his behavior. Petitioner responded with a string of vulgarities and later confronted Belcer in the parking lot. At this point, the confrontation turned physical; petitioner twice striking Belcer in the face and, when Belcer bent down to pick up his glasses, kicking him in the buttocks. During the early morning hours of February 9, 1994, petitioner verbally harassed two spectators whom he had previously accosted at the game. Petitioner for the most part does not deny that these incidents took place; however, he portrays himself as the victim rather than the aggressor. He further attributes his behavior to the fact that he was not taking medication for his depression.

Soon after these incidents, respondent Board of Education for Clifton-Fine filed charges against petitioner alleging that he engaged in conduct unbecoming a teacher and was insubordinate to Belcer. Following a hearing held pursuant to Education Law § 3020-a, the Hearing Panel dismissed the insubordination charge but sustained the remaining one, recommending, with one dissent, that petitioner be terminated.

Where, as here, it is claimed that an administrative determination is not supported by substantial evidence, we assess the evidence relied on by the administrative agency to determine if it constitutes "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 180). In making this assessment, we do not, as petitioner urges, weigh the evidence or assess the credibility of witnesses, as those issues are reserved solely for the administrative agency; nor do we reject the testimony accepted by the hearing panel where there is conflicting evidence and room for choice exists (see, Matter of Earles v Pine Bush Cent. School Dist., 224 AD2d 524, 525; Matter of Turco v Board of Educ., 211 AD2d 861, 863). Accordingly, laying aside petitioner's view of the evidence and assessing that relied upon by respondents, we find that the Hearing Panel's determination is beyond challenge on substantial evidence grounds given petitioner's admitted assault upon Belcer which, standing alone, provides ample evidentiary support for the finding of conduct unbecoming a teacher. In addition, this finding is supported by petitioner's

other acts of misconduct arising from his interactions with the spectators.

We also reject petitioner's argument that the penalty of termination is excessive since his conduct was totally egregious and completely antithetical to that expected of a teacher (*see, Matter of Mockler v Ambach*, 79 AD2d 745, 746, *lv denied* 53 NY2d 603).

Mikoll, J. P., Casey, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.