ELMER F. HODGKINS et al., Appellants, v CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF CONKLIN, BINGHAMTON, KIRKWOOD AND VESTAL, BROOME COUNTY, et al., Respondents, and EWALD B. NYQUIST, as Commissioner of Education of the State of New York, Intervenor-Respondent.

Third Department, June 12, 1975

*Bernard F. Ashe (Richard D. Heffern* of counsel), for appellants.

*Shaw, Esworthy, O'Brien & Crowley (Frank C. Shaw* of counsel), for respondents.

*Robert D. Stone (James H. Whitney* and *Lawrence W. Reich* of counsel), for intervenor-respondent.

LARKIN, J. Plaintiffs, both tenured teachers of the defendant school district, were advised on March 1, 1974 by separate letters that pursuant to section 3020-a of the Education Law the board of education had, on February 23, 1974, found probable cause for the preferment of charges that had been filed against them on February 19, 1974 by the vice-president of the board. Plaintiffs were suspended effective February 28, 1974 and remained suspended throughout these proceedings. The charges against both teachers included use of unwarranted and excessive physical force against students.

On February 19, 1974, the United States District Court for the Western District of New York ruled that section 3020-a of the Education Law was unconstitutional "absent administrative regulations requiring decision to be based upon evidence elicited before the hearing panel and the decision of the Board to set forth the reasons and factual basis therefor" *(Kinsella v Board of Educ. of Cent. School Dist. No. 7 of Towns of Amherst and Tonawanda,* 378 F Supp 54, 60). The school

district involved and the Commissioner of Education were "enjoined from its enforcement until such time as appropriate administrative or legislative action is taken to remedy the defects in the procedures here involved" *(id.)*. On February 28, 1974, the Board of Regents of the State of New York approved an amendment to the regulations of the Commissioner of Education effective February 28, 1974 requiring a board of education to base its decision solely on the record before the hearing panel, to set forth the results and factual basis for the determination and requiring the commissioner to forward the hearing transcript to the board of education (8 NYCRR 82.10 [h], 82.11).

This appeal is from so much of the order and judgment at Special Term as (1) upheld the right of the Commissioner of Education to promulgate regulations for the holding of hearings pursuant to section 3020-a of the Education Law and (2) affirmed and declared the right of the defendant school district to suspend plaintiffs and to remove them from their teaching duties pending a hearing on charges pursuant to section 3020-a of the Education Law. Special Term did grant summary judgment to plaintiff enjoining the school district from making the suspension without pay pending the hearing on the charges and directing the payment of compensation owing to the plaintiffs from the date of suspension.

Plaintiffs do not deny the constitutional sufficiency of the regulations adopted on February 28, 1974 to comply with the directions contained in the *Kinsella* case *(supra)*, but they do deny the authority of the Commissioner of Education to promulgate them. Section 3020-a (subd 3, par c) of the Education Law, the very statute in question, specifically grants to the commissioner the power to establish necessary rules and procedures for the conduct of hearings under the section. The commissioner is the chief executive officer of the State system of education and of the Board of Regents and is empowered to enforce all general and special laws relating to the educational system of the State and to execute all educational policies determined by the Board of Regents (Education Law, § 305, subd 1). The Board of Regents, of which the commissioner is the chief executive officer, is authorized to exercise legislative functions concerning the State educational system to determine its educational policies and to establish rules for carrying into effect the laws and policies of the State relating to education (Education Law, § 207). The commissioner is

authorized to institute such proceedings or processes as may be necessary to properly enforce any general or special law pertaining to the State school system or to any school district or city (Education Law, § 308). The regulations (8 NYCRR 82.10 [h], 82.11) adopted to conform the procedures set forth in section 3020-a of the Education Law to the constitutional requirements established in *Kinsella* (378 F Supp 54, 60, *supra)* are clearly within the scope of these broad policy, rule making and administrative powers which the Legislature has granted to the commissioner and the Board of Regents under the Education Law.

The second issue raised by plaintiffs, that their due process rights as tenured teachers were violated by their suspension prior to a hearing, has been passed upon by the Court of Appeals in the recent case of *Matter of Jerry v Board of Educ. of City School Dist. of City of Syracuse* (35 NY2d 534). The majority stated (p 541) that "all of the members of the court are of the view that suspension of a tenured teacher without pay pending the final determination of section 3020-a disciplinary proceedings, provided such determination is not unreasonably delayed, would involve no infringement of the teacher's constitutional rights". In this case, there being no claim of undue delay, a balancing of the governmental interest against the right of a tenured teacher accused of using excessive physical force on students weighs in favor of suspension prior to a hearing.

The order and judgment should be affirmed, without costs.

HERLIHY, P. J., SWEENEY, KANE and REYNOLDS, JJ., concur.

Order and judgment affirmed, without costs.