█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT WATKINS, Appellant.—Judgment, Supreme Court, New York County, rendered January 4, 1973 (after a denial of a motion to suppress per Tonetti, J.), convicting defendant upon his plea of guilty to the crime of possession of a weapon as a felony, under Indictment No. 690 of 1972, unanimously reversed, on the law, the motion to suppress granted, and the indictment dismissed. The police received an anonymous phone call stating that there were "narcotics and guns" at the Playhouse Bar on 118th Street. Ten officers arrived at the bar and, upon entering, the sergeant in charge told the patrons, "Hold it, police, freeze." The defendant, who had been seated at the bar, got up and ran towards a door. As he turned, an officer noticed that the defendant had an unidentifiable object in his hand with which hand he was making a "pushing movement" into the waistband of his pants. The defendant was told to stop, was grabbed, and after a struggle a revolver was uncovered from his waistband. We find, and the People concede, that the blanket "stopping" of all the bar patrons was unjustified (cf. *People v Nieves*, 36 NY2d 396; *People v Trapier*, 47 AD2d 481). Furthermore, there was no independent probable cause established when the defendant was observed pushing an unidentifiable object into his waistband (*People v MacDougall*, 48 AD2d 302; *People v Batino*, 48 AD2d 619). We note parenthetically that this disposition in no way affects the conviction of possession of a weapon as a felony under Indictment No. 6386 of 1972, which was

rendered simultaneously with the conviction of Indictment No. 690 of 1972. Concur—Murphy, J. P., Lupiano, Capozzoli, Lane and Nunez, JJ.