In the Matter of WILLIAM BOTT, Petitioner, v BOARD OF EDUCATION, DEPOSIT CENTRAL SCHOOL DISTRICT, Respondent.

Third Department, February 5, 1976

*Bernard F. Ashe (Ivor R. Moskowitz* of counsel), for petitioner.

*Night, Keller, O'Connor, Ball & McDonough (William E. Night* of counsel), for respondent.

*Louis J. Lefkowitz, Attorney-General (Ruth Kessler Toch* and *William J. Kogan* of counsel), in his statutory capacity under section 71 of the Executive Law.

MAIN, J. Petitioner William Bott is a tenured elementary school teacher who was employed by the respondent board for

15 years. On May 9, 1974, the board found probable cause for preferring charges against petitioner based upon his alleged misconduct and incompetency, and, as a result, there were served upon petitioner the following day charges alleging abuse of school children, failure to adhere to school regulations or to obey specific instructions given by superiors, and incompetence and lack of professionalism in his conduct as a teacher. Following hearings conducted before a panel appointed pursuant to section 3020-a of the Education Law, the board by unanimous resolution dismissed petitioner from his employment retroactive to May 6, 1974, the date of petitioner's original suspension from his classroom duties. Petitioner's salary had been continued until September 12, 1974.

In response, petitioner commenced the present proceeding, and Special Term ordered the case transferred to this court and further directed the Attorney-General to intervene on behalf of the People of the State of New York since the constitutionality of section 3020-a of the Education Law was being challenged. Seeking a reversal of the board's decision, petitioner argues on this appeal that: (1) section 3020-a of the Education Law is unconstitutional; (2) the charges herein are not supported by substantial evidence in the record; (3) the decision of the board was not made solely on the record adduced before the hearing panel and, thus, is violative of petitioner's due process rights; (4) petitioner's suspension without pay was illegal; and (5) the penalty imposed was excessive.

Treating initially the constitutional challenge, we note that an article 78 proceeding is not an appropriate vehicle to test the constitutionality of a legislative enactment *(Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400). Nonetheless, CPLR 103 permits us to treat this action as one for declaratory judgment, and in so doing, we find that section 3020-a is constitutional because the defects in the statute pointed out in *Kinsella v Board of Educ.* (378 F Supp 54, 60) were cured by the promulgation of regulations by the Commissioner of Education *(Hodgkins v Central School Dist. No. 1,* 48 AD2d 302).

Turning now to the specific complaints against petitioner listed above, we find that neither of the first two charges have any merit. While excessive use of force could be an independent charge as an allegation of a crime, the record here is lacking in substantial evidence that petitioner committed such a crime, and, hence, the four specifications under the abuse of

children charge are not grounds for petitioner's removal as a matter of law (cf. *Matter of Clayton v Board of Educ.,* 49 AD2d 343). Likewise without substance is the allegation that petitioner failed to adhere to school regulations or to obey specific instructions given by superiors. This charge refers to petitioner's alleged use of physical force in disciplining his students and to his keeping children after school, both acts supposedly in violation of regulations contained in the teachers' handbook. Even assuming these charges to be true, there is no evidence that the board ever adopted the regulations in question or that any valid directives containing specific instructions were not obeyed by petitioner, and, therefore, any charge of insubordination is not properly presented.

As to the third charge that petitioner followed a course of conduct displaying incompetence and lack of professionalism, 12 specifications are contained therein, and the board found that all but two were sustained by the record. Although petitioner maintains that the specifications are, at most, evidence of minor mistakes in judgment, the conduct complained of, such as petitioner's alleged lack of planning and unorganized approach to his duties and his failure to handle minor disciplinary matters by himself, does appear to fit within the definitions of causes for removal set forth in subdivison 2 of section 3012 of the Education Law, and the board's findings relative thereto are supported by substantial evidence and should be sustained *(Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222).

With regard to petitioner's due process rights, it appears that two board members were present in the principal's office during the time when the board's attorney talked with students about the above complaints. Neither member, however, questioned any of the children, and the decision states that the board made its determination based solely upon the evidence adduced on the record. Since there was no showing that this was not the case, this contention of petitioner will not justify an annulment of the board's decision.

Considering finally the penalty imposed upon petitioner, it is clear that it cannot be permitted to stand. Since section 3020-a of the Education Law does not authorize the withholding of pay during a period of suspension *(Matter of Jerry v Board of Educ. of City School Dist. of City of Syracuse,* 35 NY2d 534), petitioner was plainly entitled to be paid until

December 16, 1974, the date of his dismissal. Instead, his compensation ceased as of September 12, 1974 and his dismissal was made retroactive to May 6, 1974, the date he was originally suspended. Such a result directly circumvents the obvious intent of *Jerry (supra)* and, in effect, is the same as a dismissal plus a fine, both of which sanctions cannot be imposed together (Education Law, § 3020-a, subd 4; *Matter of Soucy v Board of Educ. of North Colonie Cent. School Dist.,* 51 AD2d 628. Furthermore, in light of all the surrounding circumstances and particularly the relatively minor transgressions specified in the third charge, we believe that the dismissal of petitioner would be unfair and is unjustified. Accordingly, pursuant to CPLR 7803 (subd 3), we modify the penalty imposed to a suspension for three months without pay.

The determination should be modified by annulling so much thereof as sustains charges I and II, and by reducing the penalty imposed to a suspension of three months without pay, and, as so modified, confirmed, with costs.

SWEENEY, J. P., KANE, KOREMAN and LARKIN, JJ., concur.

Determination modified by annulling so much thereof as sustains charges I and II, and by reducing the penalty imposed to a suspension of three months without pay, and, as so modified, confirmed, with costs.