■ In the Matter of JAMES A. STUDLEY, Petitioner, v BOARD OF EDUCATION OF THE KINGSTON CITY SCHOOL DISTRICT et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Ulster County) to review a determination of respondent Board of Education. Petitioner is a tenured physical education teacher employed by respondent board, and on November 14, 25 and 26, 1974 he admittedly absented himself from his teaching position without any authorization or permission from his superiors so that he could attend soccer games with the Ulster County Community College Team. As a result, he was charged with neglect of duty in proceedings instituted pursuant to section 3020-a of the Education Law and suspended pending a hearing on the charge which was conducted on January 6, 1975. Thereafter, the hearing panel found that petitioner's conduct constituted a breach of his obligation to his employer and an abuse of the collective negotiations agreement and recommended as a penalty the forfeiture of three days' salary. Upon submission of the panel's report to the board, the board likewise found that the absences were a breach of petitioner's obligation to his employer and further concluded that they constituted neglect of duty. As a penalty, it imposed a fine equal to two months' salary which was subsequently deducted from salary payments due petitioner from the board. On this appeal, petitioner raises numerous contentions all of which we find to be without merit. His argument that his suspension prior to a hearing deprived him of due process is plainly erroneous *(Matter of Jerry v Board of Educ.,* 35 NY2d 534), and, since he was fully apprised of the specific acts allegedly constituting his misconduct, the charge of neglect of duty was neither vague, nebulous or ambiguous. With regard to the procedures under section 3020-a of the Education Law, they have repeatedly been adjudged constitutional *(Matter of Bott v Board of Educ.,* 51 AD2d 81; *Hodgkins v Central School Dist. No. 1,* 48 AD2d 302). Petitioner additionally maintains that he was denied the effective assistance of counsel because he was not permitted to submit a closing argument to the hearing panel, but this contention must also be rejected. A reading of the transcript of the hearing reveals that petitioner initially waived closing argument only upon the condition that he be allowed to submit a brief to the hearing officer and the panel. Immediately thereafter, however, when the hearing officer expressly stated that the brief should be submitted to him alone, the record indicates that petitioner consented to this arrangement. Moreover, we can find no prejudice resulting to petitioner from the fact that the panel never received his closing brief, particularly since his counsel vigorously objected to the similar submission of respondent's brief, and ultimately neither brief was submitted. Turning now to the board's decision, we find that, as required by regulations of the Department of Education (8 NYCRR 82.11), the board satisfactorily set forth the reasons and factual basis for its determination with the finding that petitioner "was absent without authorization on November 14, 25 and 26, 1974". Similarly, petitioner's objection to the theory of the charge has no substance because, as noted above, he clearly had notice of the specific conduct forming the basis of the charge and the evidence at the hearing was limited thereto (cf. *Matter of Soucy v Board of Educ.,* 41 AD2d 984). Upon the question of the quantum of support for the

board's finding that petitioner was guilty of neglect of duty, his three unauthorized absences for unjustifiable reasons stand conceded and uncontroverted in the record, and, accordingly, the determination has substantial support and must be sustained. Finally, petitioner challenges the propriety of the penalty which he received and contends that it was both excessive and imposed in an unwarranted manner amounting to an abuse of discretion. An examination of comparable cases, however *(Matter of Bott v Board of Educ., supra; Matter of Marcato v Board of Educ.,* 40 AD2d 978), establishes that the fine was not so shockingly disproportionate to the offense so as to justify our interference therewith *(Matter of Pell v Board of Educ.,* 34 NY2d 222). With regard to its collection, the board accomplished that by deducting the amount of the fine from the paycheck petitioner was to receive at the end of the 1975 school year covering the final two weeks of school and the months of July and August. There being no statute or rule stating how a fine is to be collected, we find the method adopted by the board to be proper and the cases cited by petitioner relating to the recoupment of mistaken overpayments to be inapposite. Determination confirmed, and petition dismissed, with costs. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.