■ ROBERT CAREY, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated March 30, 1977, which affirmed a determination of the State Division of Human Rights, dated February 26, 1976, which, after an investigation, dismissed petitioner's complaint charging the New York State Department of Civil Service with an unlawful discriminatory practice relating to employment because of sex. Order confirmed and proceeding dismissed, without costs or disbursements. The substantive issue on which this proceeding turns is whether the action of the respondent Department of Civil Service, in rejecting petitioner's application to take an examination for the position of correction officer (female), scheduled for December 13, 1975, on the

ground that the examination was open to females only, constituted a violation of the provisions of section 296 of the Executive Law barring discrimination in employment based on sex. Since the determination of the division dismissing petitioner's complaint was based, in part, on subdivision 7 of section 50 of the Civil Service Law, which authorizes the State Department of Civil Service to "limit eligibility for examination to one sex when the duties of the position involved relate to the institutional or other custody or care of persons of the same sex, or visitation, inspection or work of any kind the nature of which requires sex selection", the petitioner, in his brief, attacks the constitutionality of that provision on the ground that it violates the equal protection clause of the Fourteenth Amendment to the Federal Constitution. Hence, the determination of the basic substantive issue may involve a resolution of the issue of constitutionality, especially since petitioner and the respondents, the appeal board and the Department of Civil Service, agree in their respective briefs that subdivision 7 of section 50 of the Civil Service Law is a restatement of section 296 (subd 1, par [d]) of the Executive Law, which provides that a "bona fide occupational qualification" is an exception to the ban on the use by an employer or employment agency, in any application for employment, of language which expresses any limitation or specification as to sex. Thus the issue of the constitutionality of the provision of the Civil Service Law here under attack turns on whether the limitation of eligibility for admission to the examination for the position of correction officer based on sex is a valid occupational qualification. Petitioner also claims that the order under review does not meet the standard of section 298 of the Executive Law, which provides that the findings of fact on which an order of the appeal board is based "shall be conclusive if supported by sufficient evidence on the record considered as a whole." With respect to the key issue of whether sex is a bona fide occupational qualification for the position of correction officer, our examination of the record and our own judicial common sense makes it clear that the qualification is required. We are here concerned with persons who are serving terms of imprisonment in correctional facilities in which they are segregated by sex and must be confined under observation and guard at all times; both the needs of the correctional facilities to maintain security by such means as body searches and the needs of the inmates for privacy in those aspects of their lives in confinement which involve such matters as baths or showers, medical examination and treatment and their psychological security, which is necessary to promote the rehabilitative phases of their confinement, combine to provide a rational basis and a governmental need for limiting contacts in such circumstances to correction officers of the same sex as that of the inmates. Hence the limitation here under attack, established by the administrative action of the Department of Civil Service, and the statute under which it took such action, subdivision 7 of section 50 of the Civil Service Law, are constitutional and consistent with the equal protection clause and the provision of the Human Rights Law and the limitation is a valid occupational qualification under section 296 (subd 1, par [d]) of that law (see *Reed v Reed*, 404 US 71; *Bowe v Colgate-Palmolive Co.*, 416 F2d 711; *Matter of Button v Rockefeller*, 76 Misc 2d 701; *City of Philadelphia v Pennsylvania Human Relations Comm.*, 7 Pa Commw 500). The record of the proceedings before the Division of Human Rights and the Human Rights Appeal Board contain sufficient evidence to support the order here under review. Respondents contend that the issue of the constitutionality of subdivision 7 of section 50 of the Civil Service Law may not be raised in a proceeding such as this. Even if this contention were valid, it is

well settled that this court, under CPLR 103 (subd [c]), may treat that aspect of the petition as an action for a declaratory judgment and decide the question (see *Matter of Bott v Board of Educ.*, 51 AD2d 81, 83). Petitioner also seeks in his brief to raise an issue as to whether the board's order subjects him to discrimination in employment because of his age in violation of the provisions of subdivisions 1 and 3-a of section 296 of the Executive Law. He argues that although he was past the maximum age of eligibility for employment as a correction officer (male), 37 years, at the time he applied for the examination for correction officer (female), he was not past the maximum age of eligibility for employment as a correction officer (female), which is 46 years. Therefore, his exclusion from the examination for the latter position resulted in his being totally barred, on account of his age, from the position of correction officer. This issue is not properly before us, however, since section 298 of the Executive Law, which governs judicial review of orders of the Human Rights Appeal Board, provides: "No objection that has not been urged in prior proceedings shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." Here, the petitioner failed to raise the issue of age discrimination in his complaint and has not come forward with any claims of extraordinary circumstances to excuse his failure. Suozzi, J. P., Gulotta, Margett and Hawkins, JJ., concur.