■ BOARD OF EDUCATION OF BELMONT CENTRAL SCHOOL DISTRICT et al., Petitioners, v MARGERY GOOTNICK et al., Respondents.—Determination unanimously confirmed, without costs, and petition dismissed. Memorandum: Petitioner levies specific charges against respondent Hoffman, a tenured teacher, arising from the use of alcohol and drugs by Belmont Central School students during a senior class trip to Washington, D. C., which he supervised along with assisting chaperones. A hearing panel appointed pursuant to section 3020-a of the Education Law found Hoffman guilty of (1) permitting the students on the trip to purchase and consume alcoholic beverages in violation of school rules; (2) organizing and participating in a student party where alcoholic beverages were consumed, and (3) failing to discourage the use of alcoholic beverages or discipline the students who imbibed, and recommended his suspension for one month without pay. The panel found him not guilty of creating an atmosphere which encouraged the

use of alcohol. Furthermore, it found insufficient evidence to sustain the charge relating to the use of marihuana on the trip and refused to speculate whether the laws of the States through which the class traveled were violated. In this proceeding instituted by the board of education to review the findings of the hearing panel (Education Law, § 3020-a, subd 5), petitioner prays for an order declaring that section 3020-a of the Education Law is unconstitutional; that the findings and recommendations of the majority of the panel (except those finding respondent Hoffman guilty) are contrary to the weight of evidence as a matter of law, arbitrary and capricious and based upon errors of law; that the panel's findings be vacated and the minority's findings and recommendations be affirmed; and that the petitioner be authorized to implement the minority's recommendation to dismiss Hoffman. Section 3020-a of the Education Law provides for a panel to consider charges against a tenured teacher. It contains reasonable standards and safeguards with broad judicial review. Contrary to petitioners' claim, section 3020-a does not unconstitutionally delegate State legislative powers *(City of Amsterdam v Helsby,* 37 NY2d 19). It adequately insures procedural due process *(Matter of Jerry v Board of Educ.,* 44 AD2d 198, 206-207, affd on other grounds 35 NY2d 534) and constitutes a rational exercise of legislative authority. The legislative enactment and the regulations promulgated by the Commissioner of Education delineate adequate standards to guide the panel in the conduct of its hearings (Education Law, § 3020-a; 8 NYCRR 82.3; see *Martin v State Liq. Auth.* 43 Misc 2d 682, 685, affd 15 NY2d 707; *Matter of Bott v Board of Educ.,* 51 AD2d 81). Other objections respecting the composition of the tenure panel are inconsequential. Petitioners' challenge to the panel's findings is similarly without merit because they are supported by substantial evidence. Under the facts and circumstances the penalty assessed is not so "shocking to one's sense of fairness" that it must be vacated. *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 234.)* Other claims of the petitioner have been examined and found to be without merit. (Article 78 proceeding transferred by order of Erie Supreme Court.) Present—Marsh, P. J., Moule, Simons, Schnepp and Witmer, JJ.