■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND JAMES, Appellant. — Judgment, Supreme Court, New York County, rendered March 25, 1980, convicting him upon his plea of guilty, of attempted criminal possession of a controlled substance in the second degree, and sentencing him, upon resentencing, to a term of one to three years in prison, reversed, on the law, motion to suppress granted, and indictment dismissed. The police raided an after-hours club because liquor was being illegally sold there. At the time of entry, some of the officers were carrying shotguns. One officer, Carley, ordered every person in the club to place his hands on the bar where they could be seen. On several occasions, the defendant, a patron, removed his left hand from the bar and placed it in the vicinity of his left side. On each occasion, Officer Carley directed the defendant to put his left hand back upon the bar. Eventually, Officer Carley approached the defendant and he placed his hand on the defendant's overcoat pocket. At that point, Carley felt a ."large bulky object" under the overcoat. Carley placed his hand under the overcoat and removed a black leather pouch from the pocket of a safari jacket. The officer opened the pouch and discovered what appeared to be narcotics. He also found a scale and spoon in the pouch. The defendant was then placed under arrest. Thereafter, Officer Carley again placed his hand on the defendant's left side and removed an unloaded gun from defendant's waistband. Although the police conducted the raid without a search warrant, no question is presented upon appeal as to their right to make the raid since they reasonably suspected that liquor was being illegally sold on the premises. However, the police did not have the right to make a blanket seizure of all individuals in the bar. (People v Watkins, 50 AD2d 739; People v Harris, 65 AD2d 606.) While the police had reason to suspect that the owner, manager and employees of the club were engaging in criminal activity, they had no reason to suspect that the defendant was committing, had committed or was about to commit a crime (CPL 140.50, subd 1). Since the action of the police in seizing the defendant was not justified at its inception, the motion to suppress the narcotics and the gun should have been granted. (People v Cantor, 36 NY2d 106, 111.) In passing, we note that the defendant's repeated action in removing his hand from the bar did not cure the initial illegality nor did it signal any criminal conduct upon his part (People v Trapier, 47 AD2d 481). Moreover, even if it were assumed that the officer lawfully seized the pouch, the defendant had the right to expect that the contents of the pouch would remain free from public examination. Since no emergency was presented, the police should have obtained a warrant before they searched the pouch (United States v Chadwick, 433 US 1, 11). In light of the fact that the search of the pouch was unreasonable under the Fourth Amendment, there was no lawful predicate for the subsequent seizure of the gun. Concur — Murphy, P.J., Birns, Markewich and Fein, JJ.

Kupferman, J., concurs in the result in a memorandum as follows: I concur in the result. This is a bizarre situation in which, ostensibly because liquor was being sold in an after-hours club, the police entered the premises with *shotguns* and barred the exits. There was *no rational basis* for the search, and I concur in granting the motion to suppress.