■ RAY SPEARMON, Respondent, v TIMES SQUARE STORES CORP., Respondent, and QUAKER STATE OIL REFINING CORP., Appellant. — In a negligence action to recover damages for personal injuries, defendant Quaker State Oil Refining Corporation (Quaker State) appeals from an order of the Supreme Court, Kings County (Pincus, J.), dated August 25, 1982, which denied its motion pursuant to CPLR 3212, for summary judgment dismissing the plaintiff's complaint and the cross claims of defendant Times Square Stores Corp. (TSS). Order reversed, on the law, with costs and motion granted. Plaintiff, a temporary employee engaged by TSS at its retail department store in Melville, New York, was injured on April 25, 1979, when a carton of Quaker State motor oil fell on him at those premises. In his complaint, plaintiff alleged, *inter alia,* that: (1) the carton which fell on him had come from a dangerously "high and unbalanced stack" of cartons of Quaker State motor oil and (2) the defendants TSS and Quaker State were responsible for the accident. After joinder of issue, defendant Quaker State moved pursuant to CPLR 3212 for summary judgment dismissing plaintiff's complaint and the cross claims of defendant TSS. In support of the motion, Quaker State submitted an affidavit of its vice-president in charge of "direction and supervision of sales activities", who alleged that (1) pursuant to a "National Account, Retail Warehouse Delivery * * * Agreement" signed on March 13, 1978, by Quaker State and TSS, which was annexed to the motion papers, delivery of Quaker State's products was made at the TSS warehouse in Brooklyn, (2) all motor oil shipments from Quaker State to TSS in 1979 were made to the TSS warehouse at 104-01 Foster Avenue in Brooklyn and not to any TSS retail outlet, and (3) redistribution of the motor oil to retail outlets was done by the customer, i.e., TSS. In opposition to the motion, both plaintiff and defendant TSS submitted affirmations from their respective counsel, alleging that irrespective of where Quaker State's motor oil was shipped, a question of fact existed as to Quaker State's duty to warn TSS that cartons of motor oil should not be stacked too high. Special Term denied the motion. We reverse. It has been consistently held that to obtain summary judgment "it is necessary that the movant establish his cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor (CPLR 3212, subd [b]), and he must do so by tender of evidentiary proof in admissible form" (*Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067; see, also, *Shaw v Time-Life Records,* 38 NY2d 201; *Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338). To defeat a motion for summary judgment, the opposing party must show facts sufficient to require a trial and "must make his showing by producing evidentiary proof in admissible form" (*Friends of Animals v Associated Fur Mfrs., supra,* pp 1067-1068). As

the court in *Di Sabato v Soffes* (9 AD2d 297, 301) stated: "It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial." Bare conclusory allegations are insufficient to defeat a motion for summary judgment (*Ehrlich v American Moninger Greenhouse Mfg. Corp.*, 26 NY2d 255, 259; *Shaw v Time-Life Records, supra,* p 207; *Aetna Cas. & Sur. Co. v Schulman,* 70 AD2d 792, 794). It is also well settled that an opposing affidavit by an attorney without personal knowledge of the facts has absolutely no probative value and should be disregarded (*Zuckerman v City of New York,* 49 NY2d 557). Indeed, it is insufficient as a matter of law (*Di Sabato v Soffes, supra*). In the case at bar, Quaker State submitted "evidentiary proof in admissible form" (*Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067, *supra*), which indicated that it did not deliver the cartons of motor oil to the accident site and did not have any control or influence in the unloading and stacking of the cartons which were the alleged cause of the accident. In their opposing papers, plaintiff and TSS did not submit evidentiary proof in admissible form to the contrary. Instead, they submitted affirmations from counsel who argued that Quaker State had a duty to warn TSS not to negligently stack the cartons. These affirmations had no probative value and, under the circumstances, failed to raise a triable issue of fact as to Quaker State's liability. Damiani, J. P., Mangano, O'Connor and Niehoff, JJ., concur.