■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of MARIE JOHNSON, Respondent, v ONEIDA COUNTY SHERIFF'S DEPARTMENT, Petitioner.—Determination annulled, on the law, without costs, and complaint dismissed. Memorandum: Complainant, a female Deputy Sheriff, ranked third on the civil service promotion list for the position of sergeant. When a vacancy for sergeant occurred in the male housing unit in the jail, the Sheriff passed over complainant and appointed a male candidate who had a lower score on the promotion examination. She filed a complaint with the State Division of Human Rights charging respondent with an unlawful discrim- inatory practice. Based on the hearing testimony and the findings of the Administrative Law Judge, the Commissioner held that respondent had failed to prove that sex was a bona fide occupational qualification for appointment to the position of sergeant. He thus ordered the respondent to appoint com- plainant to the position and award her pecuniary damages. That determination must be annulled.

The uncontradicted testimony of the Sheriff was that ser- geants are required to conduct daily announced and unan- nounced inspections of cellblock areas to monitor security and sanitation conditions and, since inmates' toilet and shower facilities are in open view to personnel walking by the cells, it

would be a violation of the male inmates' right to privacy to have a woman monitoring their activities. Given those circumstances, we find that sex is a "bona fide occupational qualification" within the exception of Executive Law § 296 (1) (d) and the fact that complainant was not assigned to the position of sergeant in the male housing unit was not an unlawful discriminatory practice (see, Carey v New York State Human Rights Appeal Bd., 61 AD2d 804, affd 46 NY2d 1068, appeal dismissed 444 US 891; see also, Civil Service Law § 50 [7]).

All concur, except Green and Schnepp, JJ., who dissent and vote to confirm the determination, in the following memorandum.

Green and Schnepp, JJ. (dissenting). We must dissent. Complainant, a female, although qualified for the position of correction officer sergeant, was denied promotion because the only opening in that job classification was in the male wing of the Oneida County Jail. Since there is no question that complainant was discriminated against on account of her sex, the only issue presented is whether the respondent Oneida County Sheriff's Department established that being male is a bona fide occupational qualification (BFOQ) for the position (see, New York State Div. of Human Rights v New York-Pennsylvania Professional Baseball League, 36 AD2d 364, affd 29 NY2d 921). A "BFOQ", however, is an extremely narrow exception to the gender-neutral employment policies mandated by both State and Federal law (see, Dothard v Rawlinson, 433 US 321, 334). In order to establish a sex-based occupational BFOQ, it is necessary to establish that the job itself requires workers of only one sex and that such a requirement is necessary, not merely convenient, to the proper operation of the business in question.

Respondent sought to satisfy this heavy burden through the testimony of only one witness, Sheriff Hasnauer, who stated that the appointment of a male sergeant to the male wing of the County Jail was required by regulation and to protect the privacy of the male inmates, particularly during unannounced inspections of the cellblocks. The State Division of Human Rights, which has considerable expertise in such matters, rejected each of these claims, finding that there is no State regulation requiring either male supervision of male inmates (cf. Executive Law § 292 [19]; 7 NYCRR part 100) or unannounced inspections and that there existed reasonable alternatives, short of denying complainant a promotion, to accommodate the privacy interests of the male inmates, including the installation of shower curtains in the cells and provision of

sleepwear to the male inmates *(see, e.g., Forts v Ward,* 621 F2d 1210, 1216 [2d Cir 1980]).

*Carey v New York State Human Rights Appeal Bd.* (61 AD2d 804, *affd* 46 NY2d 1068, *appeal dismissed* 444 US 891) is not to the contrary. Its holding in 1978 that sex is a BFOQ for the position of correction officer does not compel a similar finding today because since *Carey* was decided, the policy of the State Department of Correctional Services is to assign guards of all ranks to supervisory duties without reference to sex *(see, Forts v Ward, supra).* Hence, respondent's burden of establishing sex as a BFOQ today is considerably more difficult than it was eight years ago.

Here the Division determined that respondent "has failed to demonstrate, by substantial evidence, that a sex-based BFOQ for sergeants in the Oneida County Jail is essential to normal operations, or that denial thereof would significantly impair the facility's security or efficiency." The Division found further that respondent failed to demonstrate why nonsupervising personnel of the same sex could not perform unannounced or emergency inspections. This finding is particularly significant in view of the Sheriff's testimony that correction officers below the rank of sergeant are normally assigned to supervise the male cellblocks and that a sergeant may maintain contact with them via radio. These findings are supported by substantial evidence in the record and should be confirmed *(see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176).

Accepting the Sheriff's testimony that three sergeants, a lieutenant and a captain are required to staff the approximately 150 males in the jail as compared with only one sergeant required to staff the approximately nine female inmates, it is readily apparent that accepting respondent's assertion of a BFOQ for the position of sergeant will curtail significantly the promotional opportunities for interested and qualified female Deputy Sheriff correction officers. There is no longer any sound reason in practice or policy to sanction such discrimination based upon sex, particularly on this record where there are reasonable alternatives available to accommodate the privacy interests of the male inmates with complainant's right to promotion based on merit without regard to sex. Accordingly, the determination of the Division is supported by substantial evidence and should be confirmed. (Proceeding pursuant to Executive Law § 298.) Present—Denman, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.