*259 OPINION OF THE COURT
Shlomo S. Hagler, J.
Defendant the Calhoun School moves, under motion sequence No. 004, for an order pursuant to CPLR 3212 granting it summary judgment dismissing this action. Plaintiff Daniele Benatouil opposes the motion and cross-moves, under motion sequence No. 005, for an order pursuant to CPLR 3212 granting her summary judgment on her cause of action for breach of her teacher employment contract dated March 18, 2010 between plaintiff and defendant for the school year 2010-2011. (See exhibits A and B to the motion, and exhibit A to the cross motion.) Defendant opposes the cross motion. Both the motion and cross motion are consolidated herein for disposition.
Background
Plaintiff is a French teacher who was employed for 12 years at the school, which is a private school located at 433 West End Avenue, New York, New York. On or about March 18, 2010, the parties entered into a contract wherein the school agreed to employ Benatouil as a French teacher for the 2010-2011 academic year at an annual salary of $80,082 plus certain benefits.
In May 2010, Benatouil accompanied six of her high school seniors to a school sponsored trip to France. In order to participate in this educational trip, the parents and students were supposed to complete a “France Registration Form 2009-2010” which included, in part, the following pertinent guideline: “I will abstain from all alcohol and drugs (except for medications prescribed by my doctor) during the trip.” (See exhibit K to the motion.)
Despite this guideline, Benatouil requested written permission from the parents “to let your children drink a glass of wine” during the upcoming trip to France. (See exhibit B to the cross motion.) All the parents subsequently gave such written permission. (Id.) Benatouil then permitted the children to have a glass of wine with dinner in France.
When they returned from France, the students prepared and presented a video and/or slide-show to the rest of the school which showed some of them having wine with dinner. Laverne McDonald, the associate director of the school, saw the presentation and told Benatouil “that it was very difficult to witness the children having alcohol, given the expectations of our school.” (See McDonald deposition at 54, lines 10-13 attached as exhibit O to the motion.)
*260 In June 2010, Benatouil met with McDonald and with director of the school, Dr. Jennifer de Forest. At that meeting, they discussed Benatouil’s performance and the trip to France. What transpired at the meeting is unclear and hotly disputed. Both de Forest and McDonald aver that Benatouil was insubordinate and conducted herself inappropriately and that she voluntarily resigned and packed her belongings immediately after the meeting. Benatouil claims that she acted professionally but was terminated from employment and asked to leave the building. The head of school, Steven Nelson, followed-up with a letter to Benatouil dated June 25, 2010, stating that he understood that she had resigned her employment with the school and, if she had not done so, her employment was terminated “for cause” as described in its employee handbook. (See exhibit H to the motion and exhibit D to the cross motion.) Nelson cited the following cause for termination: “Your willful disregard of Calhoun’s policies regarding alcohol during the recent trip to France and your insubordinate, profane and inappropriate behavior during and following the June 18th meeting are violations of both the spirit and letter of Calhoun’s expectations.” (Id.)
Summary Judgment
The movant under CPLR 3212 has the initial burden of proving entitlement to summary judgment. (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985].) Once such proof has been offered, in order to defend the summary judgment motion, the opposing party must “show facts sufficient to require a trial of any issue of fact.” (CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557 [1980]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065 [1979]; Freedman v Chemical Constr. Corp., 43 NY2d 260 [1977]; Spearmon v Times Sq. Stores Corp., 96 AD2d 552 [2d Dept 1983].) “It is incumbent upon a [litigant] who opposes a motion for summary judgment to assemble, lay bare and reveal [his, her, or its] proofs, in order to show that the matters set up in [the] answer are real and are capable of being established upon a trial.” (Spearmon, 96 AD2d at 553, quoting Di Sabato v Soffes, 9 AD2d 297, 301 [1st Dept 1959].) If the opposing party fails to submit evidentiary facts to controvert the facts set forth in the movant’s papers, the movant’s facts may be deemed admitted and summary judgment granted, since no triable issue of fact exists. (Kuehne & Nagel v Baiden, 36 NY2d 539 [1975].)
*261 Issue
The issue to be determined herein is whether, as matter of law, defendant terminated plaintiffs employment “for cause” because plaintiff permitting her students to drink wine at a school sponsored trip to France was in violation of the school’s strict policy prohibiting any use of alcohol during school hours or during any school sponsored activity.
The School’s Definition of Cause for Termination
The defendant has the authority to terminate an employee “for cause, without advance notice” pursuant to the “Calhoun Employee Handbook 2009-2010.” (See exhibit D to the motion at 40.) The handbook defines “cause” as “an act detrimental to the best interest of the school or failure to provide faithful or competent service.” (Id.) In addition, the handbook also provides for a “Drug-Free Workplace Policy” which strongly disapproves of the use of illegal drugs or abuse of alcohol by its employees. (Id. at 49.) A violation of this policy can result in disciplinary action “up to and including termination [of the employee].” (Id.) Significantly, the handbook also references the “Substance Abuse Policy in the Student & Parent Handbook.” (Id.)[1]
The school’s Student & Parent Handbook for 2009-2010 contains a zero tolerance policy for a student’s use of alcohol, cigarettes and illegal drugs. (See exhibit E to the motion at 52.) The school prohibits the above substances during school hours including lunch, or “during any school-sponsored activity beyond the school building” and violation thereof subjects the student to disciplinary action including expulsion. (Id.) This strict policy is further enunciated as follows:
“The Calhoun School is committed to the position that substance abuse of alcohol and drugs is unconscionable and cannot be condoned from any perspective. As a legal issue, a health problem, and a moral imperative, the use of drugs and alcohol will not be tolerated within our student community. The school’s Trustees and administration wish to state unequivocally that attitudes or behaviors which condone the acceptance of harmful substances, including drugs and alcohol, will not be sanctioned *262 at Calhoun. The possession, sale or use of illegal substances on school grounds or on school time is cause for expulsion.” (Id. at 86.)
Interpretation of Cause for Employee Termination
While there is no direct case on point that has examined this particular issue,[2] there is ample precedent that upholds a school’s ability to discipline teachers and students for violation of its reasonable policy prohibiting students from drinking alcohol during school sponsored activities.
For instance, the Appellate Division has upheld disciplinary action (one-month suspension without pay) against a tenured teacher arising from the use of alcohol by students whom he supervised during a senior class trip to Washington, D.C. (Board of Educ. of Belmont Cent. School Dist. v Gootnick, 65 AD2d 940 [4th Dept 1978].) Given that a school may establish and enforce a zero tolerance policy against substance abuse, it has been held that it retains “the authority to refuse to sponsor student speech that might reasonably be perceived to advocate drug or alcohol use.” (Hazelwood School Dist. v Kuhlmeier, 484 US 260, 272 [1988].) The Supreme Court went on to quote from a landmark civil rights case that, “[otherwise, the schools would be unduly constrained from fulfilling their role as ‘a principal instrument in awakening the child to cultural values, in preparing him [or her] for later professional training, and in helping him [or her] to adjust normally to his [or her] environment.’ ” (Id., quoting Brown v Board of Education, 347 US 483, 493 [1954].)
Flowing therefrom, a federal court held that where students took a school sponsored trip to Disney World in Florida, and the parents and students consented not to use drugs or alcohol during the trip, it was reasonable for a principal and chaperone to ask hotel security to open the students’ rooms to check for drugs and alcohol. (Rhodes v Guarricino, 54 F Supp 2d 186 [SD NY 1999, Conner, J.].)
In this case, the school has established a clear and unambiguous zero tolerance policy prohibiting a student’s use of alcohol and drugs during school hours and at school sponsored activities. Benatouil was aware (or should have been aware) of this policy as it was stated several times in the school’s Student & Parent Handbook for 2009-2010. (See Benatouil deposition at 55-56, attached as exhibit I to the motion.) Moreover, Benatouil *263 does not controvert that the registration form for the trip to France also reiterates the school’s policy prohibiting “all alcohol and drugs . . . during the trip.” (See exhibit K to the motion.) While Benatouil attempted to mitigate her actions by seeking and obtaining consents from the parents to permit their children to imbibe alcohol in France, she did not obtain oral or written permission from her supervisors to circumvent the school’s policy and trip guidelines.[3] (See exhibit B to the cross motion.) These consents did not abrogate the school’s right to maintain its policy. (See City of New York v String fellow’s of N.Y., 253 AD2d 110 [1st Dept 1999].) Benatouil may have had a right to debate and express her opinions as to the merits of the policy, but she did not have authorization to change the policy without permission. As such, Benatouil was required to uphold and abide by the school’s reasonable policy prohibiting the use of alcohol by her students during the trip she supervised in France. A clear violation of the policy would subject Benatouil to disciplinary action, as occurred in the Gootnick case, and necessarily come within the rubric of termination for cause as an act detrimental to the best interest of the school as set forth in the handbook.
Conclusion
Accordingly, it is hereby, ordered, that the motion by defendant the Calhoun School (motion sequence No. 004) for summary judgment dismissing this action is granted; and it is further ordered, that the cross motion by plaintiff Daniele Benatouil (motion sequence No. 005) for summary judgment is denied.

. In the 2010-2011 Employee Handbook, the defendant subsequently explicitly added that the use of alcohol by any employee is prohibited “when acting as a chaperone on a trip, regardless of the local laws or customs.” (See exhibit D to the cross motion.)

. In Matter of Remus v Board of Educ. for Tonawanda City School Dist. (96 NY2d 271 [2001]), the Court of Appeals dealt with this substantive issue, but decided it on other, unrelated grounds.

. While plaintiff alleges for the first time that she obtained the parent consents “all with the knowledge of the defendant,” she fails to elaborate as to who specifically had such knowledge. (See Benatouil aff, sworn to on Mar. 20, 2012, H 6.) More significantly, knowledge is not tantamount to permission and plaintiff does not aver that she either sought or obtained permission from her supervisors to controvert the school’s written policy and trip guidelines. In addition, plaintiff does not even mention such “knowledge” anywhere in her deposition and, therefore, it may not be interposed at this juncture.