Wells v City of New York (2020 NY Slip Op 00527)





Wells v City of New York


2020 NY Slip Op 00527


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Kapnick, J.P., Oing, Singh, Moulton, JJ.


10877 156834/14

[*1] Anthony Wells, as President of Social Service Employees Union Local 371, Plaintiff-Appellant,
v
City of New York, et al., Defendants-Respondents.


Kreisberg & Maitland, LLP, New York (Jeffrey L. Kreisberg of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Melanie T. West of counsel), for respondents.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered on or about June 14, 2017, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff seeks, inter alia, a declaration that defendants' failure to consider and appoint female persons on the eligible list established from civil service examination number 3000 for the civil service position of juvenile counselor in defendant New York City Administration for Children's Services (ACS) in January 2014 and March 2014 violated the State and City Human Rights Laws (Executive Law § 296[1][a]; Administrative Code of City of NY § 8-107[1][a]).
Defendants established prima facie that their selective hiring of male applicants as juvenile counselors did not violate the Human Rights law because, pursuant to the Prison Rape Elimination Act (PREA) (34 USC §§ 30301-09) and industry best practices, sex is a bona fide occupational qualification (BFOQ) for juvenile counselors, and no reasonable alternatives to the preferential hiring of male counselors existed to protect the privacy interests of male juvenile detainees (see Jennings v New York State Off. of Mental Health , 786 F Supp 376, 380-381, 387 [SD NY 1992] ["The gender-based assignment policy strikes a balance between the patients' privacy interests and the right of SHTAs (Security Hospital Treatment Assistants) to bid for position. Thus, we find that the requirement that at least one SHTA of the same gender as the patients be assigned to the ward is permissible under Title VII (federal antidiscrimination law)"], affd 977 F2d 731 [2d Cir 1992]; State Div. of Human Rights v Oneida County Sheriff's Dept. , 119 AD2d 1006, 1006-1007 [4th Dept 1986] ["The uncontradicted testimony of the Sheriff was that sergeants are required to conduct daily announced and unannounced inspections of cellblock areas to monitor security and sanitation conditions and, since inmates' toilet and shower facilities are in open view to personnel walking by the cells, it would be a violation of the male inmates' right to privacy to have a woman monitoring their activities"], affd 70 NY2d 974, 976 [1988]).
In opposition, plaintiff failed to raise an issue of fact as to the existence of reasonable alternatives to preferential male hiring. Plaintiff contends that the objective of the January 2014 and March 2014 selective hiring was to save overtime compensation, which is not sufficient to justify gender-based hiring discrimination. However, the record demonstrates that even the massive amounts of mandatory overtime imposed on male counselors did not constitute a reasonable alternative to selective hiring, because the shortages of male counselors still at times forced ACS to assign female counselors to male residence halls, without the required male counterparts, which resulted in female counselors performing pat searches, in violation of the PREA and best practices. Moreover, the mandatory overtime contributed to a 65% attrition rate among male counselors during the two years preceding the preferential hiring, which, combined with the overtime, worsened morale and affected performance among all counselors. Moreover, [*2]plaintiff failed to substantiate his assertion that better scheduling of staff could have obviated the need for huge amounts of mandatory overtime, and the record belies his assertion that better recruitment could have solved the problem of critical shortages of male counselors.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK