In the Matter of BUFFALO TEACHERS' FEDERATION, INC., Appellant, *v.* ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board, Respondents.

Third Department, December 7, 1970.

*Sneeringer & Rowley* (*Richard R. Rowley* and *James R. Sandner* of counsel), for appellant.

*Martin L. Barr* for respondents.

STALEY, JR., J. This is an appeal from a judgment of the Supreme Court at Special Term, entered August 28, 1970, which dismissed petitioner's application in a proceeding under article 78 of the CPLR to restrain the Public Employment Relations Board from prosecuting a charge of violating subdivision 1 of section 210 of the Civil Service Law.

The Public Employment Relations Board (PERB), on or about July 1, 1970, mailed a notice of charge and charge to appellant stating that appellant had violated the provisions of subdivision 1 of section 210 of the Civil Service Law in that it caused, instigated, encouraged, condoned and engaged in strikes on March 5, 6, 12 and 13, 1970 by certain employees of the public school system of the City of Buffalo. The notice of charge and charge were mailed by first class mail to appellant's president and received by it on July 6, 1970.

Petitioner alleges that PERB is exceeding its jurisdiction in prosecuting the charge against it, and should be enjoined and restrained from prosecuting the charge. PERB moved to dismiss the petition on objections in point of law (CPLR 7804, subd. [f]), which motion was granted.

The main issue on this appeal is whether PERB is authorized to prosecute appellant for alleged violations of subdivision 1 of section 210 of the Civil Service Law where the public employees have been found by the chief executive officer of their employer not to have engaged in a strike. Subdivision 1 of section 210 of the Civil Service Law provides as follows: "1. No public employee or employee organization shall engage in a strike, and no public employee or employee organization shall cause, instigate, encourage, or condone a strike."

Subdivision 2 of section 210 of the Civil Service Law, as amended by chapters 24 and 492 of the Laws of 1969, provides a procedure for determining whether or not a public employee has engaged in a violation of subdivision 1 of section 210, and authorizes the chief executive officer of the government involved to investigate and determine whether there has been such a violation. Subdivision 2 of section 210 is confined solely to the activities of public employees in relation to charges of violating subdivision 1 of section 210, and provides no procedure for the determination of whether or not an employee organization has violated said subdivision.

Subdivision 3 of section 210 provides the procedure for determining whether an employee organization has violated subdivision 1 of section 210 and should lose the rights granted to it by subdivision (b) of section 208 of the Civil Service Law — the right to deduct membership dues.

Paragraph (c) of subdivision 3 of section 210 of the Civil Service Law provides that: " (c) In the event that it appears that a violation of subdivision one of this section may have occurred, the chief legal officer of the government involved, or the board on its own motion, shall forthwith institute proceedings before the board to determine whether such employee organization has violated the provisions of subdivision one of this section."

PERB has no responsibility with respect to violations of the statute by individual public employees, but it is authorized to institute proceedings on its own motion to determine whether an employee organization has violated the statute.

In such a proceeding the board shall consider whether the employee organization called the strike or tried to prevent it and whether the employee organization made or was making good faith efforts to terminate the strike. (Civil Service Law, § 210, subd. 3, par. [e].) In addition, the employee organization shall be entitled to a hearing before a hearing officer designated by the board.

Although appellant contends that where there were no wrongful activities by individual public employees as determined by the chief executive officer the employee organization could not be in violation of the statute, the procedures for such determinations are separate and distinct and the board is entitled to institute proceedings as authorized by paragraph (c) of subdivision 3 of section 210 of the Civil Service Law.

Appellant apparently relies on the case of *Matter of Civil Serv. Employees Assn.* v. *Helsby* (33 A D 2d 339), in which a determination of PERB finding that the employee organization caused or instigated a strike was under review. This court annulled the determination holding that the record did not contain substantial evidence to support the board's finding that the employee organization was at fault based partially on the fact that disciplinary proceedings against the individual employees were determined in their favor. However, the right to institute the proceeding was not questioned, and the determination in relation to the employees was quasi-judicial in nature made after a hearing. Here, the determination of the chief executive officer was administrative, without a hearing, and not binding on the board in a proceeding against an employee organization.

Appellant also contends that the service of notice of charge and charge herein are void, and the PERB should be enjoined from conducting proceedings on the basis thereof.

Paragraph (d) of subdivision 3 of section 210 provides that proceedings against an employee organization shall be commenced by service upon it of a written notice together with a copy of the charges, and that the employee organization shall have eight days within which to serve its written answer to such charges. Appellant argues that the statute requires personal service, and that any other method violates due process. PERB, acting under the authority of paragraph (e) of subdivision 5 of section 205 to make rules and regulations, has adopted a rule permitting service to be made either personally or by mail. (4 NYCRR 200.10.) Due process does not require personal service, and where the statute does not explicitly mandate such service, PERB, as authorized by the statute, had implied power to adopt a rule authorizing service by mail. (*Mullane* v. *Central Hanover Trust Co.*, 339 U. S. 306; *Schroeder* v. *City of New York*, 371 U. S. 208.)

Appellant also questions the constitutionality of the statute on the grounds that it violates due process in that PERB acts as both prosecutor and hearing officer; that the provisions of the statute are overbroad and vague; and that the prohibition

against strikes by public employers and employee organizations, and the penalties authorized violate the Federal and State Constitutions.

The combination of investigatory, prosecutory and quasi-judicial functions in a single administrative agency has been authorized by many statutes such as the Labor Law, Alcoholic Beverage Control Law, Vehicle and Traffic Law, and Insurance Law, and is not considered a denial of due process. The provisions of the statute setting forth the procedures applicable to strikes by public employees and employee organizations are clear and definite, and the claim that they are vague is without merit. The Court of Appeals has held that the prohibition against strikes by public employees or employee organizations does not violate the equal protection clause of either the United States or the New York State Constitution. (*Rankin* v. *Shanker*, 23 N Y 2d 111; *City of New York* v. *De Lury*, 23 N Y 2d 175.)

In the *De Lury* case, the court stated (pp. 184–185): "The courts which have dealt with the constitutional question under discussion have concluded that no provision of either the Federal or State Constitution prevents the State from outlawing strikes by public employees. Thus, our court * * * as well as the courts of sister States * * * have expressly rejected constitutional objections to legislation prohibiting and punishing strikes by public employees. * * *

"In view of the strong policy considerations which led to the enactment of the Taylor Law, it is our conclusion that the statutory prohibition against strikes by public employees is reasonably designed to effectuate a valid State policy in an area where it has authority to act and that the provisions of subdivision 1 of section 210 do not offend any due process rights of the defendants."

The judgment appealed from should be affirmed in all respects, without costs.

HERLIHY, P. J., REYNOLDS, COOKE and SWEENEY, JJ., concur.

Judgment affirmed, without costs.