■ In the Matter of JEANETTE P. STRONGIN, Appellant, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered December 13, 1974 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate and set aside the decision of respondents, Commissioner of Education and board of education, finding petitioner guilty of all of the charges and specifications against her, and terminating her services as a tenured teacher in the Mount Vernon School District. Petitioner, a tenured teacher, had charges preferred against her and, after a hearing pursuant to section 3020-a of the Education Law, the hearing panel unanimously found petitioner not guilty. The board of education rejected the panel's findings, found the petitioner guilty and immediately discharged her. Petitioner filed an appeal with the Commissioner of Education who sustained the board's action. An article 78 proceeding was thereafter commenced against the Commissioner of Education and the board of education. The petition was dismissed in all respects and this appeal ensued. Relying upon *Kinsella v Board of Educ.* (378 F Supp 54) petitioner urges that section 3020-a of the Education Law was unconstitutional at the time of these proceedings due to the fact that it did not require that the school board's decision be based upon the record developed before the hearing panel and the fact that it did not require that the school board render a written decision setting forth its reasoning and factual basis for its decision. When the constitutionality of a State statute is in question, notification of the Attorney-General is required (Executive Law, § 71; CPLR 1012, subd [b]). It was not given here. We deem it immaterial, however, for we find it unnecessary to reach the constitutional issue since the record reveals that the board specifically stated in its determination that it arrived at its decision after deliberation upon the transcripts of the hearings. We are also of the view that the board sufficiently stated the reasons relied upon for the determination *(Goldberg v Kelly,* 397 US 254). Petitioner claims a denial of due process in that the board had an alleged financial interest in the outcome of the proceeding and because the board ruled upon whether or not there was probable cause after the filing of charges. It has been held that a person with a substantial pecuniary interest in a dispute should not participate in its adjudication *(Ward v Village of Monroeville,* 409 US 57; *Tumey v Ohio,* 273 US 510). Considering that we are dealing with the pay of only one school counselor, we are of the opinion that the board did not have such a substantial pecuniary interest so as to disqualify it as a decision-maker under these circumstances. Since the record fails to disclose any evidence that the board members were actually biased against the petitioner, we also find no violation of petitioner's due process rights due to the combination of decision making and investigatory powers in the board *(Matter of Jerry v Board of Educ.,* 44 AD2d 198, rearg 50 AD2d 149, mòd 35 NY2d 534; *Matter of Buffalo Teachers' Federation v Helsby,* 35 AD2d 318). Having dealt with petitioner's due process arguments, we now reach petitioner's contention that the board's findings are not supported by substantial evidence. Two charges were filed against petitioner. The first charge alleged inefficiency and incompetency and consisted of three specifications. Based on the record we find substantial evidence to support the board's findings as to each of the specifications and, therefore, the board's determination as to this charge is sustained. The second charge brought against petitioner alleges insubordination, neglect of duty, and conduct unbecoming a teacher and consists of nine specifications.

A review of the record reveals substantial evidence to support only the allegations contained in Specifications 3, 4 and 5. A finding that petitioner committed the minor transgressions alleged in these specifications wholly fails to support the board's determination that petitioner was guilty of the second charge. While section 310 of the Education Law provides that a decision of the commissioner shall be final and conclusive and not subject to question or review in any place or court, it does not preclude the court from reviewing a decision which is purely arbitrary or irregular (*Matter of Vetere v Allen,* 15 NY2d 259). In view of our conclusion that charge II is not supported by the record, the commissioner's action as to that charge is arbitrary since it is "without foundation of fact". The penalty imposed by the board, therefore, must be reassessed. Based on the record as a whole we believe that dismissal of the petitioner would be unjustified and an appropriate penalty would be a suspension of six months without pay (see *Matter of Bott v Board of Educ.,* 51 AD2d 81). We have carefully considered petitioner's remaining arguments and find them to be unpersuasive. Judgment modified, on the law and the facts, by annulling so much of the determination as found petitioner guilty of charge II and by reducing the penalty to a suspension of six months without pay, and, as so modified, affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.