■ In the Matter of A. S. REYNOLDS ELECTRIC Co., INC., Petitioner, v HARRISON GOLDIN, as Comptroller of the City of New York, Respondent.—Determination by respondent, Harrison Goldin, as Comptroller of the City of New York, dated

January 9, 1989, which found, pursuant to Labor Law § 220, that the petitioner had underpaid five employees, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78, transferred to this court by order of the Supreme Court, New York County (Eugene Nardelli, J.), entered April 13, 1989, dismissed without costs or disbursements.

Petitioner and the Board of Education entered into several contracts to perform construction work at public schools. Labor Law § 220 required the petitioner to pay its employees the prevailing wages of the industry in the locality. The prevailing wages are set by the collective bargaining agreement. Petitioner failed to pay five employees schedule "A" electrician wages during 1986 to 1987, and the Comptroller brought charges. Before testimony by either party was given, the Hearing Officer was replaced and instead the initial Hearing Officer thereafter acted as the prosecutor.

Petitioner argues that the five employees were not entitled to schedule "A" electrician wages since the work performed did not fit the appropriate description set forth in the collective bargaining agreement. In addition, petitioner contends that the hearing was improper because the prosecutor was the original Hearing Officer. We find, however, that the Comptroller's determination was supported by substantial evidence (Matter of Pell v Board of Educ., 34 NY2d 222), and that the employees were, in fact, not paid as required by Labor Law § 220. (See, Matter of Kelly v Beame, 15 NY2d 103.)

The testimony of the Comptroller's electrical engineers sufficiently demonstrated that petitioner's five employees performed "A" electrician work. Moreover, petitioner did not refute this testimony with its own expert witnesses even though it had the opportunity to do so. In view of these facts, there is no basis to disturb the Hearing Officer's determination. (300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176.)

Nor do we find a basis to annul the determination because the prosecutor initially served as the Hearing Officer. "The combination of investigatory, prosecutory and quasi-judicial functions in a single administrative agency has been authorized by many statutes such as the Labor Law * * * and is not a denial of due process." (Matter of Buffalo Teachers Fedn. v Helbsy, 35 AD2d 318, 322.) In addition, the petitioner did not allege any bias or prejudice by either the Hearing Officer or the prosecutor. (Cf., Matter of Claffey v Commissioner of Educ.,

142 AD2d 845.) Concur—Murphy, P. J., Carro, Rosenberger, Kassal and Smith, JJ.