OPINION OF THE COURT
Joseph C. Teresi, J.
These CPLR article 78 proceedings will be combined by the court in the interest of judicial economy. The Public Employment Relations Board (PERB) seeks to restrain the City of Troy from improper labor practices pursuant to Civil Service Law § 209-a (4). The Civil Service Employees Association (CSEA) has made a separate motion to intervene in the matter. Respondent, City of Troy, opposes PERB’s motion and the motion by CSEA to intervene.
The City of Troy also moves by two CPLR article 78 proceedings to disqualify PERB from the proceeding based upon an alleged conflict of interest and moves to annul PERB’s determination to seek injunctive relief. PERB opposes these motions.
The court will allow CSEA to intervene, dismiss the City of Troy’s proceedings seeking disqualification and annulment of the determination made by PERB and finally grant PERB’s *11 request pursuant to Civil Service Law § 209-a (4) for injunctive relief.
First with respect to the motion to intervene this court does not read or interpret Civil Service Law § 209-a (4) Ob) as prohibiting intervention by virtue of the fact that PERB may allow the party to seek injunctive relief on its own. Rather, this court’s reading of Civil Service Law § 209-a (4) (b) supports a finding of allowing CSEA to intervene in this matter.
Next, with regard to the City of Troy’s contention that a conflict of interest exists and prospectively bars PERB from ever acting as a trier of fact as a conciliatory body in any administrative proceeding in which the City is a party, this is rejected. Under the City’s argument, PERB’s exclusive and nondelegable duty to redress improper labor practices would effectively be destroyed each time it sought an injunction and it would be forever barred from bringing further actions against the offending party. This position is untenable as the City of Troy seems to question the constitutionality of the statute granting PERB such powers.
As stated in Matter of Buffalo Teachers Fedn. v Helsby (35 AD2d 318, 321-322):
"Appellant also questions the constitutionality of the statute on the grounds that it violates due process in that PERB acts as both prosecutor and hearing officer; that the provisions of the statute are overbroad and vague; and that the prohibition against strikes by public employers and employee organizations, and the penalties authorized violate the Federal and State Constitutions.
"The combination of investigatory, prosecutory and quasi-judicial functions in a single administrative agency has been authorized by many statutes such as the Labor Law, Alcoholic Beverage Control Law, Vehicle and Traffic Law, and Insurance Law, and is not considered a denial of due process. The provisions of the statute setting forth the procedures applicable to strikes by public employees and employee organizations are clear and definite, and the claim that they are vague is without merit. The Court of Appeals has held that the prohibition against strikes by public employees or employee organizations does not violate the equal protection clause of either the United States or the New York State Constitution. (Rankin v. Shanker, 23 N Y 2d 111; City of New York v. De Lury, 23 N Y 2d 175.)”
Even if PERB were exercising both quasi-judicial and prosecutory powers there would be no denial of due process. Also, the *12 City of Troy has failed to show in any way facts to support its conclusory allegations of bias. Therefore, the City of Troy’s petition for an order disqualifying PERB from sitting as the trier of facts or from acting as a conciliatory body in any administrative proceeding where the City of Troy is a party is dismissed.
Next, the court will address the City of Troy’s petition which seeks to annul PERB’s determination and requests a preliminary injunction enjoining PERB from proceeding with its application. This will also be dismissed. The City of Troy attempts to establish that PERB did not have the authority to petition the court for injunctive relief because its finding for the need for an injunction was arbitrary and capricious. PERB asserts that this petition must be dismissed since the determination underlying PERB’s notice of sufficient showing is not subject to CPLR article 78 review. A complete reading of Civil Service Law § 209-a (4) (b) clearly illustrates that a petition to this court for injunctive relief would follow PERB’s determination without any CPLR article 78 review. Also, this is a nonfinal order and the fact that PERB’s determination is automatically subject to this court’s power to grant or deny the petition for injunctive relief illustrates to this court that PERB’s determination is not subject to CPLR article 78 review.
Lastly, the court will grant PERB’s request pursuant to Civil Service Law § 209-a (4) for injunctive relief pending the outcome of an improper practice charge filed with PERB.
Pursuant to Civil Service Law § 209-a (4) a party filing an improper practice charge may petition PERB to obtain injunctive relief. If the Board determines that a charging party has made a sufficient showing both "that (i) there is reasonable cause to believe an improper practice has occurred, and (ii) where it appears that immediate and irreparable injury, loss, or damage will result thereby rendering a resulting judgment on the merits ineffectual necessitating the maintenance of, or return to, the status quo to provide meaningful relief’; then the Board is authorized to petition the court, upon notice to all parties, for the necessary injunctive relief pending the determination of the underlying improper practice charge.
Civil Service Law § 209-a (4) (d) states: "Injunctive relief may be granted by the court, after hearing all parties, if it determines that there is reasonable cause to believe an im *13 proper practice has occurred and that it appears that immediate and irreparable injury, loss or damage will result thereby rendering a resulting judgment on the merits ineffectual necessitating maintenance of, or return to, the status quo to provide meaningful relief. Such relief shall expire on decision by an administrative law judge finding no improper practice to have occurred, successful appeal or motion by respondent to vacate or modify pursuant to the provisions of the civil practice law and rules, or subsequent finding by the board that no improper practice had occurred. The administrative law judge shall conclude the hearing process and issue a decision on the merits within sixty days after the imposition of such injunctive relief unless mutually agreed by the respondent and charging party.”
After a full review of this record it must be concluded that there is reasonable cause to believe that an improper practice is occurring. This court finds that since November 16, 1994 the City of Troy has refused to deduct both union dues and agency shop fees. The City maintains that this is a result of some improperly executed dues deduction authorization cards. This argument is untenable and smacks of retribution for the October 26th vote rejecting a proposal to reopen the collective bargaining agreement for renegotiation. The City has shown absolutely no justification for withholding all dues and agency shop fees because of a few improperly executed cards. Thus, this court finds reasonable cause to believe that the withholding is a violation of Civil Service Law § 209-a (1) (a); § 208 (1) (b); (3) (b) and § 202.
Next, the court also determines that immediate and irreparable injury, loss or damage will result thereby rendering a resulting judgment on the merits ineffectual. Although the monetary loss may be fairly determined this court finds that the damage being done to CSEA and the relationship between it and its representatives will be irreparable. To allow the City of Troy to blatantly undermine the right of public employees to freely choose and support a representative for collective bargaining would be catastrophic to CSEA and cannot be sanctioned by this court. Therefore, the petition is granted and pursuant to Civil Service Law § 209-a (4), respondent City of Troy, its officers, agents, representatives, and employees are restrained and enjoined from failing or refusing to deduct agency shop fees pursuant to Civil Service Law § 208 (3) (b) or membership dues pursuant to Civil Service Law § 208 (1) (b), for employees in tbe bargaining unit of City employees repre *14 sented by CSEA pending the resolution of this matter before PERB. Effective immediately the City of Troy, its officers, agents, representatives and employees are to deduct CSEA agency shop fees and CSEA membership dues in accordance with the Civil Service Law and the collective bargaining agreement.