Matter of Stevens v Stevenson (2021 NY Slip Op 03015)





Matter of Stevens v Stevenson


2021 NY Slip Op 03015


Decided on May 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 12, 2021

Before: Acosta, P.J., Renwick, Mazzarelli, Mendez, Shulman, JJ. 


Index No. 804636/21 Appeal No. 13970 Case No. 2021-01615 

[*1]In the Matter of Althea Stevens, Petitioner-Respondent, 
v
Eric Stevenson, Respondent-Appellant, Board of Elections in the City of New York, Respondent-Respondent.


Susan M. Russell, New York, for appellant.
Stanley K. Schlein, Bronx, for Althea Stevens, respondent.
James E. Johnson, Corporation Counsel, New York (Elina Druker of counsel), for The Board of Elections in the City of New York, respondent.



Judgment, Supreme Court, Bronx County (John W. Carter, J.), entered May 05, 2021, which declared invalid respondent-appellant's candidacy to public office, directed the New York City Board of Elections to remove the name of Eric Stevenson from the ballot for the New York Democratic Primary on June 22, 2021 as a candidate for the public office of member of the City Council of the City of New York from the 16th Council District and dismissed his counterclaim in its entirety, unanimously affirmed, without costs.
Local Law No. 15, passed by the New York City Council on February 11, 2021 and approved by the Mayor on February 25, 2021, adds a new provision, NY City charter § 1139, to chapter 50-A of the NY City Charter, which renders a person who has been convicted of certain federal crimes relating to public corruption ineligible to hold the public offices of Mayor, Public Advocate, Comptroller, Borough President, or City Council member effective immediately. Eric Stevenson was convicted after trial of certain of the crimes enumerated in Local Law 15 and sentenced to a term of incarceration of 36 months. His conviction was affirmed by the United States Court of Appeals for the Second Circuit on August 17, 2016.
This proceeding to invalidate his candidacy was commenced on April 5, 2021. On April 22, after answering the verified petition, Stevenson removed the matter to Federal Court, which remanded it back to State Supreme Court on April 27. In his answer Stevenson opposed the requested relief and asserted a counterclaim for a judgment declaring Local Law 15 unconstitutional. Stevenson served a copy of his answer on the Board of Elections, which he claims is sufficient to place the City of New York on notice, and served the City - which is not a party to this proceeding - by serving the office of the Corporation Counsel at an email address.
"When the constitutionality of a local law, ordinance, rule or regulation of a city . . . is involved in an action to which the city . . . is not a party . . . such city . . . shall be notified and permitted to intervene in support of its constitutionality" (CPLR 1012 [b][2]; McGee v Korman, 70 NY2d 225 [1987]; Matter of Luthmann v Gulino, 131 AD3d 636, 637 [2d Dept 2015]; Matter of Strongin v Nyquist, 54 AD2d 1031 [3d Dept 1976] Mod. On other grounds 57 AD2d 638 [3d Dept 1977] appeal dismissed, 42 NY2d 998 [1977]). Service of the answer with counterclaim on the Board of Elections, which is a distinct and independent entity from the City (Election Law § 3-200 [3]; NY Constitution, a II, § 8) is not service upon the City (Scantlebury v New York City Health & Hosps. Corp., 4 NY3d 606, 613 [2005]), nor will it alert the City of the imminence of litigation (Rosenbaum v City of New York, 8 NY3d 1, 12 [2006]). The Board of Elections is not the proper entity designated by law to receive notice on behalf of the City of this constitutional challenge. Since the City was not properly notified and where the requisite [*2]notice of the constitutional challenge is not provided, the claims are properly dismissed.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 12, 2021